UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Case No. 07-2074 (RJL)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant United States Department of State ("Defendant" or "Agency") hereby answers the Complaint for Declaratory Judgment and Injunctive Relief ("Complaint") filed by Plaintiffs Ancient Coin Collectors Guild, et al. (collectively, "Plaintiffs") as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted to the extent Plaintiffs assert claims as to which Plaintiffs have failed to exhaust all administrative remedies.

### THIRD DEFENSE

Defendant responds to the separately numbered paragraphs and prayer for relief contained in the Complaint below. To the extent that any allegation is not admitted, it is denied. Moreover, to the extent the Complaint refers to or quotes from external documents, statutes or other sources, although in response Defendant may refer to such materials for their accurate and complete contents, Defendant's references are not intended to be, and should not be construed to

be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant answers as follows:

1. The allegations set forth in Paragraph 1 are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

2. The allegations set forth in Paragraph 2 are statements of Plaintiffs' case, conclusions of law, or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations, except admits that Plaintiffs initiated certain requests in 2004.

## JURISDICTION AND VENUE[1]

3. The allegations set forth in Paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits such allegations.

## PARTIES

4. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 4, and therefore, denies the same.

5. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 5, and therefore, denies the same.

6. Defendant is without sufficient knowledge and information to admit or deny the

---

[1] Merely for reference, Defendant replicates the headings contained in the Complaint herein. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required, Defendant denies the allegations contained in such headings.

allegations contained in Paragraph 6, and therefore, denies the same.

7. The first sentence of Paragraph 7 contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant admits the allegations set forth in the first sentence of Paragraph 7. With respect to the second sentence of Paragraph 7, Defendant admits that certain records requested by the Plaintiffs are within its possession and control and that Defendant is generally responsible for responding to validly filed Freedom of Information Act (FOIA) requests. The remainder of the second sentence of Paragraph 7 contains legal conclusions to which no answer is required. To the extent a response is deemed necessary, Defendant denies such remaining allegations.

8. Defendant admits the allegations set forth in the first and third sentences of Paragraph 8. Defendant denies the remaining allegations contained in Paragraph 8.

## STATUTORY FRAMEWORK

### Freedom of Information Act

9. The allegations set forth in Paragraph 9 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents.

10. The allegations set forth in Paragraph 10 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents.

11. The allegations set forth in Paragraph 11 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents.

12. The allegations set forth in Paragraph 12 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents.

13. The allegations set forth in Paragraph 13 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents.

14. The allegations set forth in Paragraph 14 are conclusions of law to which no response is required. To the extent a response is deemed required, Defendant refers to FOIA, 5 U.S.C. § 552, for its true and complete contents. Further, Defendant denies the allegations or "suggestions" set forth in the last sentence of Paragraph 14

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

15. Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 15, and therefore, denies the same.

16. Defendant denies the allegations contained in Paragraph 16.

17. Defendant denies the allegations contained in Paragraph 17.

18. The allegations set forth in Paragraph 18 are characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant is without sufficient knowledge and information to admit or deny the allegations contained in Paragraph 18, and therefore, denies the same.

19. The allegations set forth in Paragraph 19 are conclusions of law or characterizations of fact to which no response is required. To the extent a response is deemed required, Defendant denies such allegations.

20.     Defendant denies the allegations contained in Paragraph 20.

21.     The first sentence of Paragraph 21 contains Plaintiffs' summary of the organization of the Complaint to which no answer is required.  To the extent a response is deemed necessary, Defendant refers to its responses to Counts I-IX set forth below.  Defendant denies the second sentence of Paragraph 21.

## Count I

22.     Defendant admits the allegations set forth in Paragraph 22, but refers to the cited letter for its true and complete contents.

23.     Defendant admits the allegations set forth in Paragraph 23, but refers to the cited letter for its true and complete contents.

24.     As to Paragraph 24, Defendant admits that it received a letter from counsel for Plaintiff Ancient Coin Collectors Guild ("ACCG") dated October 11, 2007, and avers that this letter requested that the Department of State "add ACCG as a requester to Request 200402941."  Defendant refers to the cited letter for its true and complete contents.

25.     Defendant admits the allegations set forth in Paragraph 25.

## Count II

26.     Defendant admits the allegations set forth in Paragraph 26, but refers to the cited letter for its true and complete contents.

27.     Defendant admits the allegations set forth in Paragraph 27, but refers to the cited letter for its true and complete contents.

28.     Defendant admits the allegations set forth in Paragraph 28, but refers to the cited letter for its true and complete contents.

29. Defendant admits the allegations set forth in Paragraph 29, but refers to the cited letter for its true and complete contents.

30. Defendant admits the allegations set forth in Paragraph 30.

31. As to Paragraph 31, Defendant admits that it received a letter from counsel for ACCG dated October 11, 2007, and avers that this letter requested that the Department of State "deny the request" described in Paragraph 22 to a new requester (ACCG) "so that [ACCG] may be added to the pending appeal of this matter." Defendant refers to the cited letter for its true and complete contents.

32. Defendant admits the allegations set forth in Paragraph 32.

## Count III

33. Defendant admits the allegations set forth in Paragraph 33, but refers to the cited letter for its true and complete contents.

34. Defendant admits the allegations set forth in Paragraph 34, but refers to the cited letter for its true and complete contents.

35. Defendant denies the allegations set forth in Paragraph 35 and and avers that by letter, dated November 17, 2005, Defendant indicated that a search for records had been initiated.

36. Defendant admits the allegations set forth in Paragraph 36, but refers to the cited letter for its true and complete contents.

37. Defendant admits the allegations set forth in Paragraph 37, but refers to the cited letter for its true and complete contents.

38. Defendant admits the allegations set forth in Paragraph 38.

39. Defendant denies the allegations set forth in Paragraph 39 and avers that it

received a letter from counsel for Plaintiffs International Association of Professional Numismatists ("IAPN") and Professional Numismatists Guild ("PNG"), dated October 11, 2007, requesting that Defendant "deny the request" described in Paragraph 22 to new requesters (IAPN and PNG) "so that [IAPN and PNG] may be added to the pending appeal of this matter." Defendant refers to the cited letter for its true and complete contents.

40. Defendant admits the allegations set forth in Paragraph 40.

## Count IV

41. Defendant admits the allegations set forth in Paragraph 41, but refers to the cited letter for its true and complete contents.

42. Defendant denies the allegations set forth in Paragraph 42, and avers that the request described in Paragraph 41 was processed to completion as part of FOIA case number 200503753.

43. In response to Paragraph 43, Defendant admits that it received a letter from counsel for ACCG dated October 11, 2007, and avers that this letter requested that Defendant "add ACCG as a requester to the August 25, 2004 [sic] request made by IAPN and PNG" for the documents discussed in Paragraph 41. Defendant refers to the cited letter for its true and complete contents.

44. Defendant denies the allegations set forth in Paragraph 44.

(The Complaint does not contain a Count V.)

## Count VI

45. Defendant admits the allegations set forth in Paragraph 45, but refers to the cited letter for its true and complete contents.

46.     Defendant admits the allegations set forth in Paragraph 46, but refers to the cited letter for its true and complete contents.

47.     In response to Paragraph 47, Defendant admits that it received a letter from counsel for ACCG dated October 11, 2007, and avers that this letter requested that the Department of State "add ACCG as a requester to Request number 200600298." Defendant refers to the cited letter for its true and complete contents.

48.     Defendant admits the allegations set forth in Paragraph 48.

## Count VII

49.     Defendant admits the allegations set forth in Paragraph 49, but refers to the cited letter for its true and complete contents.

50.     Defendant admits the allegations set forth in Paragraph 50, but refers to the cited letter for its true and complete contents.

51.     In response to Paragraph 51, Defendant admits that it received a letter from counsel for ACCG dated October 11, 2007, and avers that this letter requested that the Department of State "add ACCG as a requester to the August 25, 2007 [sic] request made by IAPN and PNG" for the documents discussed in Paragraph 49. Defendant refers to the cited letter for its true and complete contents.

52.     Defendant admits the allegations set forth in Paragraph 52.

## Count VIII

53.     Defendant admits the allegations set forth in Paragraph 53, but refers to the cited letter for its true and complete contents.

54.     As to Paragraph 54, Defendant denies the allegation set forth in Paragraph 54

preceding the comma, and avers that Defendant acknowledged this request by letter and assigned it case control number 200704596. Defendant admits the remaining allegations set forth in Paragraph 54.

55.   In response to Paragraph 55, Defendant admits that it received a letter from counsel for ACCG dated October 11, 2007, and avers that this letter requested that the Department of State "add ACCG as a requester to the August 1, 2007, request made by IAPN and PNG" for a copy of the documents described in Paragraph 53. Defendant refers to the cited letter for its true and complete contents.

56.   Defendant admits the allegations set forth in Paragraph 56.

## Count IX

57.   Defendant admits the allegations set forth in Paragraph 57, but refers to the cited letter for its true and complete contents.

58.   Defendant admits the allegations set forth in Paragraph 58.

**REQUESTS FOR RELIEF**

**PRAYER FOR RELIEF**

A.   Paragraphs (1) through (4) contain Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, the Agency denies the allegations set forth in Paragraphs (1) through (4) and specifically denies that Plaintiff is entitled to any relief whatsoever.

Dated: January 8, 2008  Respectfully submitted,
       Washington, DC

_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
_____
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of January, 2008, I caused the foregoing Answer to be served on counsel of record, including Plaintiffs' counsel, via the Court's Electronic Case Filing System (ECF).

Dated: January 8, 2008
      Washington, D.C.

                                        Respectfully submitted,

                                        /s/
                                      BRIAN P. HUDAK
                                      Assistant United States Attorney
                                      Civil Division
                                      555 4th Street, NW
                                      Washington, DC 20530
                                      (202) 514-7143
                                      brian.hudak@usdoj.gov