# Exhibit A (cont.)

*Dillingham & Murphy, LLP*
*Counselors at Law*
*1155 Connecticut Avenue, N.W., Suite 1120*
*Washington, D.C. 20036*

*Telephone: 202-835-9880 · Facsimile: 202-835-9885*
*Internet: www.dillingham-murphy.com*

July 30, 2004

Via Facsimile

Margaret P. Grafeld
Information and Policy Coordinator
Office of Information Resources Management
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-8590

RE:   Freedom of Information Request for CPAC Reports on Interim Review of Italian
Import Restrictions and Requests for Import Restrictions on Cypriot Archaeological and
Ethnological Objects

Dear Ms. Grafeld:

I am counsel to the International Association of Professional Numismatists
(IAPN) and the Professional Numismatists Guild (PNG). In that capacity, I am seeking
release of the following documents:

1.  Cultural Property Advisory Committee (CPAC) Report on the Request of the
    Government of the Republic of Cyprus for the Imposition of Import Restrictions
    on Byzantine Ecclesiastical and Ritual Ethnological Material from Cyprus
    (Restrictions Reported at Fed. Reg. Notice: April 12, 1999; 64(69); 17529-
    17531).

2.  CPAC Report on the Request of the Government of the Republic of Cyprus for
    the Imposition of Import Restrictions on Pre-Classical and Classical
    Archeological Material Originating in Cyprus (Restrictions Reported at Fed. Reg.
    Notice: July 19, 2002; 67(139); 47447-47450).

3.  CPAC Report on Extension of Import Restrictions on Byzantine Ecclesiastical
    and Ritual Ethnological Material from Cyprus (Extension Reported at Fed. Reg.
    Notice: August 29, 2003; 68(168); 51903-51904).

*225 Bush Street, Sixth Floor, San Francisco, California 94104 · Telephone: 415-397-2700 · Facsimile: 415-397-3300*
*Internet: www.dillingham-murphy.com*

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 1

4. CPAC Report on Interim Review of the Agreement Between the Government of the United States of America and the Government of Italy Concerning the Imposition of Import Restrictions on Certain Categories of Archaeological Material Representing the Pre-Classical and Imperial Roman Periods of Italy (Public Meeting Date: May 6, 2004) (Notice of Meeting Reported at Fed. Reg. Notice: April 20, 2004; 69 (76); 21176-21177).

IAPN and PNG are willing to pay applicable fees for production of this material. Kindly also note that undersigned counsel filed an earlier FOIA request for a CPAC report prepared on Feb. 7, 2000, relating to import restrictions on Italian archaeological material (FOIA Request No. 200100359). Although that report was originally only released in redacted form, it was later released in its entirety after appeal (Case Control No. 200100359). In any event, IAPN and PNG are particularly interested in any references to coins or British Treasure Trove laws in these documents.

Please contact me if you have any questions.

Sincerely,

Peter K. Tompa

Attachment:

*Dillingham & Murphy, LLP*



United States Department of State

*Washington, D.C. 20520*

Request Number: 200402941
August 3, 2004

Mr. Peter K. Tompa
Dillingham & Murphy, LLP
Counselors at Law
1155 Connecticut Avenue, NW, Suite 1120
Washington, D.C. 20036

Dear Mr. Tompa:

Thank you for your facsimile letter of July 30, 2004, in
which you requested four (4) Cultural Property Advisory
Committee (CPAC) Reports, as described.

For your information, the following are conditions which
govern all Freedom of Information Act (FOIA) requests:

> The cut-off date for retrieving records is the date
> that a search is initiated. Only existing records are
> subject to the Freedom of Information Act.

We have begun to process your request based upon the
information provided in your letter. As soon as responsive
material has been retrieved and reviewed, we will notify you.

**Fee Information:**
The Freedom of Information Act permits agencies to collect
fees to recover the direct costs of processing requests,
unless a fee waiver has been granted or the charges fall
below a certain amount. These issues are addressed below.

Based upon the information that you have provided, this
request will be processed in accordance with the fee schedule
designated for the following category of requesters. (See 22
C.F.R. Part 171.14 of the enclosed "Rules and Regulations".)

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 2

- 2 -

(x)   commercial use requester (pays search, review &
      duplication costs)
( )   educational institutions (pays duplication costs
      after first 100 pages)
( )   non-commercial scientific institutions (pays
      duplication costs after first 100 pages)
(.)   representative of the news media (pays duplication
      costs after first 100 pages)
( )   all other requesters (pays search time after 2
      hours/duplication costs after first 100 pages)

The Department's search and review fees are:
    Administrative/Clerical   $ 8.00/hour
    Professional              $17.00/hour
    Executive                 $30.00/hour

    Copy costs are assessed at the rate of $0.25 per page.

You have stated that your clients the International
Association of Professional Numismatists (IAPN) and the
Professional Numismatists Guild (PNG) are willing to pay the
applicable fees associated with the processing of this
request.

Due to its central role in conducting U.S. foreign affairs
and the significant public interest in access to its records,
the Department receives requests of a number, range and
complexity perhaps unparalleled among government agencies.
Because of the large number of requests now pending with the
Department, we anticipate that our response will be delayed.

If you have any questions with respect to the processing of
this request, you may write to:

        Office of Information Programs and Services
        A/RPS/IPS/RL
        U.S. Department of State, SA-2
        Washington, D.C.  20522-6001

- 3 -

or telephone: (202) 261-8314 or fax: (202) 261-8579.  You may
visit our website at http://foia.state.gov or through the main
State Department website at www.state.gov.  Please be sure to
refer to your request number in all correspondence about this
case.

Sincerely,

Richard C. Devine
Requester Communication Branch

Enclosure:
As stated.

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS                                                                    INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

October 11, 2007

Office of Information Programs and Services
A/ISS/IPS/RL
U. S. Department of State, SA-2
Washington, D. C. 20522-8100

VIA FACSIMILE

## FOIA Request

Dear FOIA Officer:

This is a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552
on behalf of my clients, the Ancient Coin Collectors Guild ("ACCG"), the Professional
Numismatists Guild ("PNG") and the International Association of Professional
Numismatists ("IAPN").

In the following cases, my clients seek to request information previously denied to
one or more of them. The purpose of this request is thus, that you deny the request
to the additional client(s), so that they may be added to the pending appeal of this
matter.

1. Pursuant to the FOIA, my client, ACCG seeks a copy of the original Chinese
Request for import restrictions pursuant to the 1970 UNESCO Treaty, in Chinese,
which Request formed the basis of the PUBLIC SUMMARY OF REQUEST OF THE
PEOPLE'S REPUBLIC OF CHINA TO THE GOVERNMENT OF THE UNITED
STATES OF AMERICA UNDER ARTICLE 9 OF THE 1970 UNESCO
CONVENTION found at the Department of State, Cultural Property Protection
website at http://exchanges.state.gov/culprop/cn04sum.html. For your information,
this request was previously denied on August 23, 2006 to IAPN and PNG (Request
number 200501372) and an appeal on this decision is pending.

2. Pursuant to the FOIA, my clients IAPN and PNG seek:

a. Copies of any written, electronic or oral communications reduced to writing
concerning the People's Republic of China's request for import restrictions and/or
coins between CPAC staff and members of the Archaeological Institute of America or
the Lawyers' Committee for Cultural Heritage Preservation, including but not limited
to Prof. Patty Gerstenblith, Ellen Hersher, Jane Waldbaum and Prof. Malcolm Bell
during the period of March 27, 2004 through and including December 28, 2004.

b. Any and all documents evidencing the inclusion of coins in the list of items
proposed to be restricted in response to the Chinese request for import restrictions,

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 3

● Page 2

generated during the period of March 27, 2004 through and including December 28, 2004.

For your information, this request was previously denied on March 15, 2006 to ACCG (Request number 200502767) and an appeal of this decision is pending.

If any of the above is not clear, or if you have any questions, please do not hesitate to contact me at your convenience. I look forward to hearing from you on these requests.

Sincerely,

Scott A. Hodes

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS                                                                        INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

October 11, 2007

Office of Information Programs and Services
A/ISS/IPS/RL
U. S. Department of State, SA-2
Washington, D. C. 20522-8100

VIA FACSIMILE

## FOIA Request

Dear FOIA Officer:

This is a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 on behalf of my clients, the Ancient Coin Collectors Guild ("ACCG"), the Professional Numismatists Guild ("PNG") and the International Association of Professional Numismatists ("IAPN").

In the following cases, my clients seek to amend the original requests noted below, to add on or more of them as requesters. None of these requests have been acted on by your office at this point. Thus, my clients additionally ask that you provide a status for these requests and inform them when they can expect a release of responsive documents.

1. Pursuant to the FOIA, my clients seek to add ACCG as a requester to Request 200402941, which is a request for the following:

a. The Cultural Property Advisory Committee (CPAC) Report on the Request of the Government of the Republic of Cyprus for the Imposition of Import Restrictions on Byzantine Ecclesiastical and Ritual Ethnological Material from Cyprus (Restrictions Reported at Fed. Reg. Notice: April 12, 1999; 64(69); 17529-17531).

b. The CPAC Report on the Request of the Government of the Republic of Cyprus for the Imposition of Import Restrictions on Pre-Classical and Classical Archeological Material Originating in Cyprus (Restrictions Reported at Fed. Reg. Notice: July 19, 2002; 67(139); 47447-47450).

c. The CPAC Report on Extension of Import Restrictions on Byzantine Ecclesiastical and Ritual Ethnological Material from Cyprus (Extension Reported at Fed. Reg. Notice: August 29, 2003; 68(168); 51903-51904).

d. The CPAC Report on Interim Review of the Agreement Between the Government of the United States of America and the Government of Italy Concerning the Imposition of Import Restrictions on Certain Categories of Archaeological Material Representing the Pre-Classical and Imperial Roman Periods of Italy (Public Meeting

Date: May 6, 2004) (Notice of Meeting Reported at Fed. Reg. Notice: April 20, 2004; 69 (76); 21176-21177).

2. Pursuant to the FOIA, my clients seek to add ACCG as a requester to the August 25, 2004 request made by IAPN and PNG for any and all documents dating from January 1, 2004 to the present evidencing the potential inclusion of coins in the list of archaeological items subject to import restriction under the proposed renewal of the Memorandum of Understanding with Italy. (See Public Notice Nos. 5105 and 5106 (70 Fed. Reg. 44146-44147 (August 1, 2005))). Please note that IAPN and PNG have never received an acknowledgment of this request, and therefore do not have a request number assigned to it to provide you.

3. Pursuant to the FOIA, my clients seek to add ACCG as a requester to Request number 200600298, the request is for the Report of the CPAC and any Dissents that led to the Extension of Import Restrictions on Certain Categories of Archaeological Material Representing the Pre-Classical and Imperial Roman Periods of Italy (Public Meeting Date: September 8, 2005) (See generally Notice of Extension of Import Restrictions, reported at 71 Fed. Reg. 3000-01 (January 19, 2006).)

4. Pursuant to the FOIA, my clients seek to add ACCG as a requester to the August 25, 2007 request made by IAPN and PNG for the following information:

a. The Report of the CPAC and any Dissents that led to the Extension of Import Restrictions on Pre-Classical and Classical Archaeological Objects and Byzantine Ritual Ethnological Material from Cyprus. (Public Meeting Date: January 25, 2007).

b. Any documentation evidencing the extension of import restrictions to coins of Cypriot types for the period January 25, 2007 to July 31, 2007.

c. Any Report to Congress with respect to the above restrictions, as provided for in the Convention on Cultural Property Implementation Act ("CPIA") § 303(g).

d. Any written communications (including e-mails) between staff of the Cultural Heritage Center and Third Parties (who are not State Department employees) with regard to the above restrictions on coins, for the period November 1, 2006 to July 31, 2007.

e. Any correspondence from attorney Theodore Rogers to the State Department with regard to a recusal request for Dr. Joan Connelly for the period December 1, 2006 to February 1, 2007

Please note that this request has not been acknowledged, and IAPN and PNG, therefore cannot provide a request number for their July 25, 2007 request at this time.

● Page 3                                                                October 11, 2007

5. Pursuant to the FOIA, my clients seek to add ACCG as a requester to the August 1, 2007, request made by IAPN and PNG for a copy of any request by the Republic of Cyprus for import restrictions on coins pursuant to Article 9 of the 1970 UNESCO Convention made in or about January 2007. This request has also not yet been acknowledged, and IAPN and PNG cannot, therefore, provide a request number for this August 1, 2007 request.

If any of the above is not clear, or if you have any questions, please do not hesitate to contact me at your convenience.   I look forward to hearing from you on these requests.

Sincerely,

Scott A. Hodes



**United States Department of State**

*Washington, D.C. 20520*

Case No.:  200402941

MAY   9 2008

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

In response to your client's request dated July 30, 2004 under the Freedom of Information Act (Title 5 U.S.C. Section 552), we searched the records of the Bureau of Educational and Cultural Affairs. This search resulted in the retrieval of three documents that appear responsive to your request.

After reviewing these documents, we have determined that all three may be released with excisions. All released material is enclosed.

An enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material. Where we have made excisions, the applicable exemptions are marked on each document. The "B1,1.4(b)" marking refers to excisions made under 5 U.S.C. § 552(b)(1) and section 1.4(b) of Executive Order 12958, as amended. The "B3, OTHER" or "B3" marking refers to excisions made under 5 U.S.C. § 552(b)(3) and to the Convention on Cultural Property Implementation Act, specifically 19 U.S.C. § 2605(h)-(i).

In some cases, two or more exemptions may apply to the same document or material. In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

The Freedom of Information Act provides for the recovery of the direct costs of searching for, reviewing, and duplicating records requested for commercial use. Total fees due are $923.90, representing: 3 hours of executive search time @ $68.00 per hour ($204.00); 10 hours of executive review time @ $71.00 per hour ($710.0); 66 pages duplicated @ $0.15 per page ($9.90). Please make your check or money order payable to the Treasurer of the United States, and mail it to the Office of Information Programs and Services, Room 8100, SA-2,

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 4

- 2 -

Department of State, Washington, D.C., 20522-8100. Please be sure to write the case number on your check or money order.

We have now completed the processing of this case. We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

*Dillingham & Murphy, LLP*
*Counselors at Law*
*1155 Connecticut Avenue, N.W., Suite 1120*
*Washington, D.C. 20036*

March 29, 2005                    *Telephone: 202-835-9880 · Facsimile: 202-835-9885*
                                  *Internet: www.dillingham-murphy.com*

**Via Facsimile**
Margaret P. Grafeld
Information and Policy Coordinator
Office of Information Resources Management
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-8590

RE:  Freedom of Information Request for Chinese Request for Import Restrictions in Original Chinese

Dear Ms. Grafeld:

I am counsel to the International Association of Professional Numismatists (IAPN) and the Professional Numismatists Guild (PNG).  In that capacity, I am seeking release of the following document:

1.  A copy of the original Chinese Request for import restrictions pursuant to the 1970 UNESCO Treaty, in Chinese, which Request formed the basis of the PUBLIC SUMMARY OF REQUEST OF THE PEOPLE'S REPUBLIC OF CHINA TO THE GOVERNMENT OF THE UNITED STATES OF AMERICA UNDER ARTICLE 9 OF THE 1970 UNESCO CONVENTION found at the Department of State, Cultural Property Protection website at http://exchanges.state.gov/culprop/cn04sum.html.

We would most appreciate you expediting this request as much as possible given the pending nature of this matter.  This is important so that we can gain a full understanding, via our own translators, of the specifics of the Chinese Request.  I agree to pay all applicable fees.

Please contact me if you have any questions.

Sincerely,

*Peter K. Tompa*

Peter K. Tompa

cc:  Jay I. Kislak, Chairman, CPAC (via facsimile)

*225 Bush Street, Sixth Floor, San Francisco, California 94104 · Telephone: 415-397-2700 · Facsimile: 415-397-3300*
*Internet: www.dillingham-murphy.com*

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 5



**United States Department of State**

*Washington, D.C. 20520*

April 15, 2005
Request Number: 200501372

Mr. Peter K. Tompa
Dillingham & Murphy, LLP
1155 Connecticut Avenue N.W., Suite 1120
Washington, D.C. 20036

Dear Mr. Tompa:

This is in response to your Freedom of Information Act (FOIA) request, dated March 29, 2005, for copies of documents concerning the "original Chinese Request for import restrictions pursuant to the 1970 Unesco Treaty, in Chinese, which request formed the basis of the Public Summary of Request of the People's Republic of China to the Government of the United States of America under Article 9 of the 1970 Unesco Convention."

The Department of State does not maintain the records that you seek. Based upon the information contained in your communication, it appears that the records you seek are with the United Nations Educational, Scientific and Cultural Organization (UNESCO). Accordingly, you should direct your request to that organization. You may visit their website at www.unesco.org.

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
     *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-2-

For further communications with respect to this request, see our contact information at the bottom of this page.

We hope we have been of service to you.

Sincerely,

Carrie B. Allen
Requester Communications Branch

Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email:  FOIAStatus@state.gov*



**United States Department of State**

*Washington, D.C. 20520*

AUG 2 3 2006

Case No. 200501372

Peter K. Tompa, Esq.
Dillingham & Murphy, LLP
1155 Connecticut Avenue, NW – Suite 1120
Washington, DC 20036

Dear Mr. Tompa:

I refer to your letter dated March 29, 2005, requesting the release of certain Department of State material under the Freedom of Information Act (Title 5 USC Section 552).

We initiated a search in the following records system:  the Bureau of Cultural and Educational Affairs, resulting in the retrieval of six documents that appear responsive to your request.  After reviewing the documents we retrieved, we have determined that none of them may be released.

The material in the documents withheld in full is currently and properly classified under Executive Order 12958 in the interest of national defense or foreign relations.  As such, it is exempt from release under subsection (b)(1) of the Freedom of Information Act.

With respect to material withheld by the Department of State, you have the right to appeal our determination within 60 days.  Appeals should be addressed to the Chairman, Appeals Review Panel, c/o Appeals Officer, A/RPS/IPS/PP/LC, SA-2, Room 8100, Department of State, Washington, D.C. 20522-8100.  The letter of appeal should refer to the case number shown above.  A copy of the appeals procedures is enclosed.

We have now completed the processing of your case.  If you have any questions with respect to our handling of your request, you may write to the Office of Information Programs and Services, Room 8100, SA-2, Department of State, Washington, D.C. 20522-8100.  Please be sure to refer to the case number shown above in all correspondence about this case.

- 2 -

We hope that the Department has been of service to you in this matter.

Sincerely,

*H. Eugene Bovie*

Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosures:
As stated.

*Dillingham & Murphy, LLP*

*Counselors at Law*

*1155 Connecticut Avenue, N.W., Suite 1120*

*Washington, D.C. 20036*

—————

*Telephone: 202-835-9880 · Facsimile: 202-835-9885*

*Internet: www.dillingham-murphy.com*

**VIA CERTIFIED MAIL**

August 29, 2006

Chairman,

Appeals Review Panel

c/o Appeals Officer

A/RPS/IPS/PP/LC

U.S. Department of State

SA-2

Room 8100

Washington, D.C. 20522-8100

RE:  Denial of Records Request, Concerning Text of Chinese Request for Import Restrictions, Case No. 2000501372

Mr. Chairman:

The International Association of Professional Numismatists (IAPN) and the Professional Numismatists Guild (PNG) appeal the denial of their March 29, 2005 request for a copy of the Chinese request for import restrictions on cultural artifacts in the original Chinese. (*See* 63934 Fed. Reg./Vol. 69, No. 212, Subpart F § 171.52 (a).)  What purports to be a summary of this material has already been posted on the State Department's web site at:  http://exchanges.state.gov/culprop/cn04sum.html.

In correspondence dated August 23, 2006, the Department of State cited the "national defense and foreign relations" exemption under the Freedom of Information Act (FOIA) subsection (b) (1) and Executive Order 12958 as the basis for withholding six (6) documents relevant to this request. (Letter from Margaret P. Grafeld, Director Office of Information Programs and Services to Peter K. Tompa, dated August 23, 2006, at 1.) IAPN and PNG respectfully disagree with this claim.  There is no expectation of confidentiality for requests for import restrictions under Article 9 of the 1970 UNESCO Convention.  Alternatively, even assuming such an expectation of confidentiality exists, posting an English language summary on the official State Department web site has either placed the matter in the "public domain" or effectuated a "waiver" of any such confidentiality claim.

'06 SEP 7 PM3:09

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 8

Chairman, Appeals Review Panel
August 29, 2006
Page 2 of 5

## I.    Background

In September 2004, the Federal Register announced that the People's Republic of China (PRC) had submitted a request to the United States for import restrictions on certain categories of cultural artifacts under the terms of the 1970 UNESCO Treaty. In or about November 2004, the State Department Bureau of Educational and Cultural Affairs (ECA) placed what purported to be an English language summary of the PRC request under Article 9 of the 1970 UNESCO Convention on its web site. (*See* http://exchanges.state.gov/culprop/cn04sum.html). What was unusual about the request as reported was its breadth; virtually every and any category of cultural artifact dating from Neolithic times to 1911 was slated for potential restriction.

The governing statute, the Convention on Cultural Property Implementation Act (CPIA), requires that a foreign state—here the PRC—will initiate and justify its own request for import restrictions. *See e.g.,* CPIA, 19 U.S.C. §§ 2602 (a) (3) ("A request made to the United States under article 9 of the [UNESCO] Convention by a State Party must be accompanied by a written statement of facts known to the State Party that relate to those matters with respect to which a determinations must be made...."). Yet, a number of inconsistencies in details about the request as reported in the public summary raised some serious questions about whether proper procedures were followed in processing and justifying the request under the terms of the CPIA.

The most pressing related to a variance between public pronouncements made by Chinese heritage officials focusing on the need to protect ancient tombs and the breadth of the requested embargo.  In essence, if the major concern of PRC officials is the theft of valuable artifacts from tombs, does that really justify a wide ranging embargo on a host of objects less than 250 years old and objects that are not archaeological materials, either because they are not regularly discovered in the ground or lack cultural significance?

At the same time, members of IAPN and PNG also queried why the request as reported in the public summary included coins when the Bank of China has partnered with a Chinese entrepreneur to sell the exact same types of coins from a 500 ton hoard he has accumulated to tourists.  In essence, why would the PRC think coins were culturally significant objects that should be subject to restrictions when they had such large stocks on hand that they sell them to tourists?

To attempt to clarify these points, an attorney representing the antiquities trade asked for a copy the original request, but he was told it was "secret" even though it purportedly had been translated and its summary placed on a State Department web site.

*Dillingham & Murphy, LLP*

In light of that rejection, IAPN and PNG next made the following formal FOIA request on March 29, 2005[1] for:

> A copy of the original Chinese Request for import restrictions pursuant to the 1970 UNESCO Treaty, in Chinese, which Request formed the basis of the PUBLIC SUMMARY OF REQUEST OF THE PEOPLE'S REPUBLIC OF CHINA TO THE GOVERNMENT OF THE UNITED STATES OF AMERICA UNDER ARTICLE 9 OF THE 1970 UNESCO CONVENTION found at the Department of State, Cultural Property Protection website at http://exchanges.state.gov/culprop/cn04sum.html.

Over a year later, on August 23, 2006, the State Department denied this request. This appeal followed. In the interim, the State Department's Cultural Property Advisory Committee has presumably made its recommendations, and a decision from ECA on whether and to what extent to impose import restrictions on Chinese cultural artifacts is expected soon.

## II.     Grounds for Appeal

### A.  There is No Reasonable Expectation that the Requested Material is Confidential.

Under Executive Order 12,958, as amended, information may not be classified unless "the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security, which includes defense against transnational terrorism, and the original classification authority is able to identify or describe the damage." Exec. Order No. 12,958, as amended, § 1.1 (a) (4). Information may not be classified to: "(1) conceal violations of law, inefficiency, or administrative error; (2) prevent embarrassment to a person, organization, or agency; (3) restrain competition; or (4) prevent or delay the release of information that does not require protection in the interest of national security." *Id.* § 1.7.

A copy of the original Chinese request for import restrictions should constitute "foreign government information." *Id.* § 6.1 (r). Under Executive Order 12,958, as amended, there must be an expectation that the information will be held in confidence for such information to be withheld. Here, no such expectation of confidentiality can exist. The PRC provided the "foreign government information" in question pursuant to Article

---

[1] In addition to this FOIA request, another group, the Ancient Coin Collectors Guild (ACCG), made its own FOIA request for documents evidencing the inclusion of coins in the Chinese request for import restrictions. This FOIA request, made on July 6, 2005, was assigned Case No. 2000502767. After months of waiting, ACCG received a response that there were no documents relevant to this request. ACCG has appealed this determination because it makes no sense for there to be no relevant documents to reflect the inclusion of coins on the list of items up for potential restriction.

Chairman, Appeals Review Panel
August 29, 2006
Page 4 of 5

9 of the 1970 UNESCO Convention, a provision that assumes that a foreign state will seek a concerted international response to problems of looting.[2]  Any PRC effort to seek a "concerted international response" to the problem of looting is inconsistent with an expectation of privacy between member states.  Indeed, nowhere does the 1970 UNESCO Convention speak of such requests being "secret."  Moreover, the U.S. Ambassador to UNESCO recently stated, "The spirit that should drive all UNESCO's work must be one of openness and transparency, of cooperation and collegiality, of dialogue and communication." (Ambassador Louise V. Oliver, Permanent Delegate of the United States of America, Statement to the 172nd UNESCO Board (Paris September 20, 2005) (available at: http://www.state.gov/p/io/rls/rm/53915.htm.).) Under the circumstances, such "foreign government information" should not exempt from public disclosure.

### B.  The Material Should Be Released Because it Has Been Placed in the Public Domain and its Confidentiality has Been Waived.

The fact that the State Department ECA has placed what purports to be a summary of the PRC request on its web site should be dispositive of this appeal.  Placing such material in the public domain negates any claim that it is confidential. *Washington Post v. Department of Defense,* 766 F. Supp. 1, 12-13 (D.D.C. 1991) (suggesting that the burden is on the agency when comparing publicly disclosed information with that which has been withheld).  Alternatively, posting what purports to be an English language summary on the State Department web site should constitute a waiver of any claim of confidentiality. *See Public Citizen v. Department of State,* 11 F.3d 198 (D.C. Cir. 1993) (holding under facts of case that no such waiver occurred).

### C.  Even if the Material is Exempt for Disclosure, The Department of State Should Nonetheless Produce any Exempt Material.

The Department of State ECA has an obligation to segregate and release any non-exempt information within otherwise confidential documents.  *Ray v. Turner,* 587 F.2d 1187, 1197 (D.C. Cir. 1997).  Thus, if any part of the six (6) documents is not confidential, this material should be produced in redacted form.

---

[2] The text of Article 9 of the 1970 UNESCO Convention is as follows:

Any State Party to this Convention whose cultural patrimony is in jeopardy from pillage of archaeological or ethnological materials may call upon other States Parties who are affected. The States Parties to this Convention undertake, in these circumstances, to participate in a concerted international effort to determine and to carry out the necessary concrete measures, including the control of exports and imports and international commerce in the specific materials concerned. Pending agreement each State concerned shall take provisional measures to the extent feasible to prevent irremediable injury to the cultural heritage of the requesting State

(*See* http://exchanges.state.gov/culprop/unesco01.html.)

*Dillingham & Murphy, LLP*

Chairman, Appeals Review Panel
August 29, 2006
Page 5 of 5

### III.    Conclusion

Public acceptance of any import restrictions imposed will depend in no small measure on confidence in the integrity of the process.  For that reason, IAPN and PNG respectfully request that their appeal be granted promptly and that the material requested in Case No. 2000501372 be produced with dispatch.  A decision on the merits of the PRC request is expected soon.  Under the circumstances, failure to act promptly on this appeal will prejudice IAPN, PNG and all members of the public interested in the accountability of their government officials.

I thank you in advance for your assistance in this matter of importance to the small businesses of the numismatic trade and others engaged in the lawful international exchange of cultural artifacts.

Sincerely,

Peter K. Tompa

cc:  C. Miller Crouch, Bureau of Educational and Cultural Affairs (via facsimile)
     James H. Thessin, Principal Deputy Legal Adviser (via facsimile)
     Jay I. Kislak, Chairman of the Cultural Property Advisory Committee (via facsimile)

*Dillingham & Murphy, LLP*



**United States Department of State**

*Washington, D.C. 20520*

September 12, 2006

Peter Tompa, Esq.
Dillingham & Murphy, LLP
1155 Connecticut Avenue, NW, Suite 1120
Washington, DC 20036

Re:  Freedom of Information Request No. 200501372

Dear Mr. Tompa:

This is to inform you that the Chairman of the Department's Appeals Review Panel has received your letter of August 29, 2006, appealing Freedom of Information Case No. 200501372.

Should you have any questions concerning the status of your appeal, please write to:

> The Appeals Officer
> A/ISS/IPS/PP/LC
> SA-2 Room 8100
> U.S. Department of State
> Washington, D.C. 20522-8100

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services



United States Department of State

*Washington, D.C.  20520*

April 23, 2008

Peter Tompa, Esq.
Dillingham & Murphy, LLP
1155 Connecticut Avenue, NW
Suite 1120
Washington, DC  20036

Re:  Freedom of Information Act Requests Nos. 200501372

Dear Mr. Tompa:

This is to inform you that action on your administrative appeal in the above request
has been overtaken by the ongoing litigation of this matter in federal court.

We have consequently closed your administrative appeal in regard to this request.
No further appeal action is now pending in regard to request number 200501372.

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services



**United States Department of State**

*Washington, D.C. 20520*

MAY ⸺ 9 2008

Case No.: 200501372

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

I refer to your client's letter dated August 29, 2006, appealing the denial of six documents in the above-referenced Freedom of Information Act case. The administrative appeal in this case has been overtaken by litigation concerning these records and accordingly has been terminated.

We have nevertheless reexamined the records at issue and confirmed that they must be withheld in full under 5 U.S.C. § 552(b)(1), as they are currently and properly classified under section 1.4(b) of Executive Order 12958, as amended. The release of a brief public summary of the foreign government's request does not diminish the foreign government's expectation in this case that the actual content and greater detail of the request would remain confidential.

We additionally note that there is no "original Chinese Request for import restrictions pursuant to the 1970 UNESCO Treaty, in Chinese, which Request formed the basis" of the public summary that the Department published. Although the Government of the People's Republic of China initially attempted to submit its request in Chinese, our Embassy immediately rejected the Chinese-language version and clarified to the Chinese government that we could only accept a request in English. An English language version was received several years later.

Although the Department has recently found a copy of the Chinese-language attempted request and its supporting materials, these documents did not constitute an official request and were never considered or used by the Department in any way. Accordingly, we have interpreted your request for the "original Chinese request," "which . . . formed the basis of the public summary," as referring to the official request which was provided to the

- 2 -

United States Government in English.  In any event, we note that the
materials earlier provided by the Chinese Government, even if deemed
responsive to your request, would likewise be exempt from release under 5
U.S.C. § 552(b)(1).

We have now completed the processing of this case.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services



JUN 27 2008

**United States Department of State**

*Washington, D.C. 20520*

Case Nos.:   200402941, 200501372,
200502767, 200600298, 200704168,
200704596, and 200706194

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, Maryland 20850

Dear Mr. Hodes:

Thank you for your letter of May 22, 2008, regarding the FOIA requests at
issue in *ACCG et al. v. U.S. Department of State*, No. 07-SV-2074 (D.D.C.),
and for subsequently discussing the issues raised in that letter with our legal
counsel. We have continued processing the FOIA requests at issue and are
pleased to offer the following information about them, pursuant to the ongoing
cooperative discussions between you and our counsel aimed toward resolving
the outstanding issues without the need for litigation.

The six documents we originally referred to another government office for
review have been returned to us. The coordination has now been completed for
all six of them, and we find that three may be released with excisions, and three
must be withheld in full. All released material is enclosed. Where we have
made excisions, the applicable exemptions are marked on each document. Of
the documents withheld in full, one was withheld under exemption (b)(5) with
some of its material additionally withheld under exemption (b)(2); and two
were withheld under exemption (b)(5) with some of their material additionally
withheld under exemptions (b)(2), (b)(7c) and (b)(6). An enclosure provides
information on Freedom of Information Act exemptions and other grounds for
withholding non-releasable material.

Thank you for bringing to our attention that some of the documents released in
connection with request number 200402941 were incorrectly marked in light of
their classified status. We have confirmed that the unredacted versions of these
documents do in fact contain currently and properly classified information, and
we have accordingly corrected the markings on the first page of each

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 12

- 2 -

document. The same error was corrected on document C1 released in connection with case number 200600298. New copies of these documents, with corrected markings, are enclosed.

In some cases, it was determined that classified material in documents withheld in full or in part under exemption 1 concerns not only "foreign government information," but also "foreign relations or foreign activities of the United States, including confidential sources." See Executive Order (E.O.) 12958, as amended, sections 1.4(b) and 1.4(d). We have enclosed herein new copies of all of these documents if they were released in part, with corrected markings. For any documents at issue in this litigation that were classified after receipt of your clients' FOIA requests, the Department has followed the special procedures for classification mandated by Section 1.7(d) of E.O. 12958, as amended.

We have also carefully re-reviewed all of our withholdings under exemption 6 and have determined that additional material may be released. In this vein, we have reconsidered the withholding of all the names of "Individuals who Submitted Letters to the Committee" on pages 23 and 24 to the CPAC Italy report in case number 200600298. We have determined that all but seven of the names could be released, and have accordingly enclosed a new copy of the list. Similarly, we have determined that the public interest in disclosure outweighs any privacy interest in material previously withheld under exemption 6 in cases 200402941 (see pages 38 and 39 of document E1) and 200704168 (document E11).

With regard to the other exemptions whose application your clients dispute, we have determined that no further material may be released. With regard to the exemption 3 material, we continue to withhold the same material under 19 U.S.C. section 2605(h)-(i). In document E7 of case number 200704168 (the email chain between Andrew Cohen and Danielle Parks noted in your May 22 letter), we reconfirm that the withholdings are clearly proper under section 2605(i)(1).

Upon re-review, we have also confirmed that our withholdings under exemption 5 are proper. In your June 12, 2008 phone call with our counsel, you specified several documents to which your exemption 5 concerns applied.

- 3 -

As to document E2 in case 200704168 (which is a duplicate of document E2 in case 200706194), the material withheld under exemption 5 in this document is the contents of Tab A attached to an Action Memorandum to the Assistant Secretary for Education and Cultural Affairs. The withheld material summarizes and analyzes predecisional, inter- or intra-agency views and recommendations on the policy question whether to extend a Memorandum of Understanding with Cyprus. This material is clearly deliberative and predecisional, and it cannot reasonably be said to have been adopted or incorporated by reference into the final determinations and rationales presented separately elsewhere in this document (on the first page and in Tab B). The material withheld under exemption 5 in this document also contains inter- or intra-agency material protected by the attorney client privilege.

In the June 12 phone call with our counsel, you also specified that your clients' "inter- or intra-agency" threshold concerns also applied to the documents we mentioned in the last paragraph of our May 9, 2008 letter to you in case number 200502767. As noted in our earlier letter, we determined that these documents were not responsive to the FOIA request. This determination was based on our good faith interpretation of the request that we presented in our May 9 letter, which you have not contested. In any event, we again confirm that even if these documents were responsive, their entire contents would fall within exemption 5 as predecisional deliberative material, prepared by a consultant who was paid by the Department of State, who did not have an interest in the Department's ultimate decision, and who was not advocating benefits at the expense of third parties.

In these as in all the documents reviewed in response to your clients' FOIA requests, we confirm that all non-exempt material that is reasonably segregable from the exempt material has been released.

In regard to your clients' concerns regarding the Chinese request for import restrictions at issue in case number 200501372, we reiterate, in an effort to eliminate any perceived ambiguity, that the English-language text was created by the Chinese government, not by the Department. The English-language text, and only the English-language text, formed the basis of the public summary that the Department created and published. The Chinese-language

– 4 –

text did not constitute an official request under the treaty and was never used by the Department in any way. Accordingly, we have regarded the English-language text as the one responsive to your request.

As discussed in the June 12 phone call, we have also reviewed the fees for the two FOIA cases for which your clients were charged. Upon reexamination, we agree that the original fees were excessive and apologize for the error. The new fees are the following: For case number 200402941 the total charge is $326.40 (consisting of $68 for 1 hour of search time @$68/hour; $248.50 for 3.5 hours of review time @$71/hour; and $9.90 for the duplication of 66 pages @$0.15/page). For case 200600298, the total charge is $250.90 (consisting of $34 for .5 hours of search time @$68/hour; $213 for 3 hours of review time @$71/hour; and $3.90 for the duplication of 26 pages @$0.15/page).

Enclosed please find the checks which you submitted earlier, and which we have not processed in light of the fee correction. Please make your new checks or money orders for the new balances payable to the Treasurer of the United States, and mail them to the Office of Information Programs and Services, Room 8100, SA-2, Department of State, Washington, D.C., 20511-8100. Please be sure to write the case number on each of your checks or money orders.

Further, we wish to raise a few points regarding the Department's searches in your May 22 letter, in the hope that further information will help clarify the thoroughness of the Department's search efforts. In case number 200704168, we note that, although for administrative purposes we clustered the responsive material into ten "documents," the actual number of responsive records is higher than ten.

With regard to item 2 of this request ("Any documentation evidencing the extension of import restrictions to coins of Cypriot types for the period January 25, 2007 to July 31, 2007") we have interpreted it as referring to evidence that the Department decided to extend the Memorandum of Understanding and to include coins in the import restriction. This appears to be the most logical reading of item 2, for it reduces the degree to which item 4 of the same request constitutes mere surplusage. This interpretation also follows from the difference in phrasing between this request and your clients' similar requests in

- 5 -

case numbers 200503753 (see your clients' letter of August 25, 2005, seeking documents "evidencing the *potential* inclusion of coins") and 200502767 (see your clients' letter of July 6, 2005, seeking documents "evidencing the inclusion of coins in the list of items *proposed* to be restricted") (emphasis added).

As for the requested correspondence in item 4 of case number 200704168, we have already located responsive material involving most of the individuals and entities identified in your April 17, 2008 letter as supplemented by your emails to Assistant U.S. Attorney Brian Hudak of April 23 and June 13, 2008. We have now located additional responsive material (including items related to the organizations noted in your June 13 email). We have determined that it may be released in full, and have enclosed it with this letter. In the cases of some individuals or entities, we believe that no responsive correspondence exists. With respect to your concerns involving the Cyprus American Archaeological Research Institute (CAARI), we have been informed that a CAARI officer did assist, by telephone, in arranging a meeting among Cypriot officials and Cultural Heritage Center staff, but that no one from CAARI attended that meeting and that no responsive records involving CAARI were generated beyond what we have enclosed here.

As discussed in your June 12 phone conversation with our counsel, we are re-examining our searches of paper and electronic records, and we will let you know if additional responsive material is located. If you have concerns about anything discussed in this letter, please contact Assistant U.S. Attorney Brian Hudak at (202) 514-7143 or brian.hudak@usdoj.gov.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
  As stated.





# ANCIENT COIN COLLECTORS GUILD
**P.O. Box 911, Gainesville, MO 65655   tel: 417-679-2142   email: director@accg.us**

**BOARD OF DIRECTORS**

David Hendin
Bill Puetz
Wayne G. Sayles
David R. Sear
Peter K. Tompa
David L. Vagi
Kerry K. Wetterstrom

---

**EXECUTIVE DIRECTOR**

Wayne G. Sayles

27 June 2005

Margaret P. Grafeld, Information & Privacy Coordinator
Office of Information Resources Management Programs and Services,
A/RPS/IPS, SA-2  Department of State
Washington, D.C.20522-6001

RE:  Freedom of Information Request Regarding Materials Related to PRC Request for Import Restrictions

Dear Ms. Grafeld:

This is a request filed under the Freedom of Information Act made on behalf of the Ancient Coin Collectors Guild.[1]  The Guild seeks the following material on an expedited basis given an expected decision concerning the People's Republic of China's request for import restrictions.  The Guild hopes this information will confirm the integrity of the Cultural Property Advisory Committee's processes before the scope of any import restrictions are announced to the general public.

In particular, the Guild seeks copies of any communications between members of the archaeological community and the staff of CPAC concerning coins or the scope of the PRC request made *before* CPAC accepted public comments to that request.  For purposes of narrowing this FOIA request to aide your efforts in identifying any applicable materials, this request may be summarized as follows:

    1. Copies of any written, electronic or oral communications reduced to writing concerning the PRC's request for import restrictions and/or coins between CPAC staff and members of the Archaeological Institute of America or the Lawyers' Committee for Cultural Heritage Preservation, including but not limited to Prof. Patty Gerstenblith, Ellen Hersher, Jane Waldbaum, and Prof. Malcolm Bell during the period June 26, 2004-December 28, 2004.

2. Any and all documents evidencing the inclusion of coins in the list of
   items proposed to be restricted in response to the Chinese request for
   import restrictions, generated during the period June 26, 2004-
   December 28, 2004.

The Guild will pay all applicable fees. If you have any questions about the
nature of the above request, please contact me at (417) 679-2142.

Sincerely Yours,

Wayne G. Sayles
Executive Director

---

[1]  The Ancient Coin Collectors Guild, a non-profit institution, was formed for the purpose
of promoting and nurturing the free and independent collecting of coins from antiquity
through education, political action and consumer protection. The goal of this guild is to
foster an environment in which the general public can confidently and legally acquire and
hold, for personal or professional use, any numismatic item of historical interest regardless
of date or place of origin. The Guild currently has 400 individual members and 12 affiliated
numismatic clubs.



# ANCIENT COIN COLLECTORS GUILD

P.O. Box 911, Gainesville, MO 65655   tel: 417-679-2142   email: director@accg.us

**BOARD OF DIRECTORS**

David Hendin
Bill Puetz
Wayne G. Sayles
David R. Sear
Peter K. Tompa
David L. Vagi
Kerry K. Wetterstrom

**EXECUTIVE DIRECTOR**

Wayne G. Sayles

6 July 2005

Margaret P. Grafeld, Information & Privacy Coordinator
Office of Information Resources Management Programs and Services,
A/RPS/IPS, SA-2  Department of State
Washington, D.C.20522-6001

RE: Amended Freedom of Information Request Regarding Materials Related to PRC Request for Import Restrictions

Dear Ms. Grafeld:

This is an amendment to our request of 27 June 2005 filed under the Freedom of Information Act made on behalf of the Ancient Coin Collectors Guild.[1] In items 1 and 2, the date June 26,2004 is amended to March 27, 2004. The Guild seeks the following material on an expedited basis given an expected decision concerning the People's Republic of China's request for import restrictions. The Guild hopes this information will confirm the integrity of the Cultural Property Advisory Committee's processes before the scope of any import restrictions are announced to the general public.

In particular, the Guild seeks copies of any communications between members of the archaelogical community and the staff of CPAC concerning coins or the scope of the PRC request made *before* CPAC accepted public comments to that request. For purposes of narrowing this FOIA request to aide your efforts in identifying any applicable materials, this request may be summarized as follows:

1. Copies of any written, electronic or oral communications reduced to writing concerning the PRC's request for import restrictions and/or coins between CPAC staff and members of the Archaeological Institute of America or the Lawyers' Committee for Cultural Heritage Preservation, including but not limited to Prof. Patty Gerstenblith, Ellen Hershcr, Jane Waldbaum, and Prof. Malcolm Bell during the period March 27, 2004-December 28, 2004

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 14

2. Any and all documents evidencing the inclusion of coins in the list of
   items proposed to be restricted in response to the Chinese request for
   import restrictions, generated during the period March 27, 2004-
   December 28, 2004.

The Guild will pay all applicable fees. If you have any questions about the
nature of the above request, please contact me at (417) 679-2142.

Sincerely Yours,

Wayne G. Sayles
Executive Director

[1] The Ancient Coin Collectors Guild, a non-profit institution, was formed for the purpose
of promoting and nurturing the free and independent collecting of coins from antiquity
through education, political action and consumer protection. The goal of this guild is to
foster an environment in which the general public can confidently and legally acquire and
hold, for personal or professional use, any numismatic item of historical interest regardless
of date or place of origin. The Guild currently has 400 individual members and 12 affiliated
numismatic clubs.



**United States Department of State**

*Washington, D.C. 20520*

September 15, 2005
Request Number: 200502767

Mr. Wayne G. Sayles
Ancient Coin Collectors Guild
P.O. Box 911
Gainesville, MO  65655

Dear Mr. Sayles:

This is in response to your Freedom of Information Act (FOIA) request,
dated June 27, 2005, for copies of documents of any communications
between members of the archaeological community and the staff of the
Cultural Property Advisory Committee's processes before the scope of any
import restrictions are announced to the public.

Before we can proceed with the processing of your request, we need
additional information and clarification as described below.

**Fees:** The FOIA requires agencies to assess fees to recover the direct costs of
processing requests, unless a fee waiver has been granted.

Based upon the information that you have provided, we have placed you in the
"all other" requester category.  This category requires us to assess search time
after 2 hours/duplication costs after first 100 pages.

You have stated your willingness to pay the all fees incurred in the processing
of this request.

---

*Office of Information Programs and Services*
*U.S. Department of State SA-2*
*Washington, DC 20522-8100*
*Web site: foia.state.gov*

Inquiries:
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

-2-

**Information to Identify Records:** The Department of State is responsible for
formulating and executing U.S. foreign policy and primarily maintains records
dealing with U.S. foreign relations. The Department also maintains records of
applications from U.S. citizens for U.S. passports and visa requests from non-
citizens to enter the U.S., records on consular assistance provided to U.S.
citizens abroad, and records of Department employees.

As the Department of State consists of hundreds of offices and overseas posts,
with many different filing systems, your request should be specific, detailed,
and include as much of the following as might be relevant:

> --Please provide the circumstances that lead you to believe that
> the Department of State would have the records you are
> seeking.

Our published regulations regarding expedition, 22 CFR 171.12 (b),
require a specific showing of a compelling need. Expeditious processing
is granted only in the following situations:   1) imminent threat to the life or
physical safety of an individual, 2) urgently needed by an individual primarily
engaged in disseminating information in order to inform the public concerning
actual or alleged Federal Government activity and the information is urgently
needed in that a particular value of the information would be lost if not
disseminated quickly, 3) substantial humanitarian reasons, and 4) loss of
substantial due process rights. Your request does not meet any of the
established criteria. Regretfully, I must advise that you have not provided
adequate justification for expedition. For your convenience, I have enclosed a
copy of the Department's expeditious processing criteria.

*Office of Information Programs and Services*  
*U.S. Department of State SA- 2*  
*Washington, DC 20522-8100*  
    *Web site: foia.state.gov*

*Inquiries:*  
*Phone: 1- 202- 261- 8314*  
*FAX: 1- 202- 261- 8579*  
*email:  FOIAStatus@state.gov*

-3-

If you wish to appeal the denial of expedition, you may write to
Ms. Charlene Wright Thomas, Chief, Requester Liaison Division, at the
address below within 30 days of receipt of this letter.

Your request has been closed in our system. If, after noting the information
cited above, you wish to pursue this request, please send to us a new FOIA
request, which would include additional information needed, as described
above.

For further communications, please note our contact information at the bottom
of this page. We can provide faster service if you include the case number of
your request in your communications with us.

We are pleased to be of service to you.

                              Sincerely,

                              Carrie B. Allen
                              Requester Communications Branch


Enclosures: As stated.

*Office of Information Programs and Services*
*U.S. Department of State  SA- 2*
*Washington, DC 20522-8100*
          *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1- 202- 261- 8314*
*FAX: 1- 202- 261- 8579*
*email: FOIAStatus@state.gov*



# ANCIENT COIN COLLECTORS GUILD
### P.O. Box 911, Gainesville, MO 65655   tel: 417-679-2142   email: director@accg.us

---

**BOARD OF DIRECTORS**

David Hendin
Bill Puetz
Wayne G. Sayles
David R. Sear
Peter K. Tompa
David L. Vagi
Kerry K. Wetterstrom

---

**EXECUTIVE DIRECTOR**
Wayne G. Sayles

---

**WEB SITE**
http://accg.us

---

19 September 2005

Margaret P. Grafeld
Information and Policy Coordinator
Office of Information and Resources Management Programs and Services
A/RPS/IPS, SA-2
Department of State
Washington DC 20522-8590

RE: Outstanding Freedom of Information Act Requests to the Department of State

Dear Ms. Grafeld;

On the 27th of June, 2005, the ACCG requested materials related to the PRC Request for Import Restrictions. On July 6, that request was modified slightly to adjust the dates of material under consideration. We have not received a confirmation that our request is being processed. Could you please send an update of the status of this request and an estimated completion date?

Sincerely yours,

Wayne G. Sayles
Executive Director

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 16



**United States Department of State**

*Washington, D.C. 20520*

NOV 17 2005

Mr. Wayne G. Sayles
Executive Director
Ancient Coin Collectors Guild
P.O. Box 911
Gainsville, MO 65655

Re: Freedom of Information Act Request 200502767

Dear Mr. Sayles:

This is in response to your September 19, 2005 letter to
Ms. Margaret P. Grafeld regarding the status of your
request under the Freedom of Information Act (Title 5 USC
Section 552).

A search of the records of the Bureau of Educational and
Cultural Affairs has been initiated. We will retrieve and
review all responsive documents and provide all releasable
portions to you.

Please be advised that the Department generally adheres to
a first-in, first-out basis for processing Freedom of
Information and Privacy Acts requests. Because of the
voluminous number of requests received by the Department,
we are unable to provide you with an estimated completion
date. However, please be assured that we are making every
effort to bring your case to completion as soon as
possible.  We apologize for any inconvenience this delay
may cause you.

Thank you for your patience. Please do not hesitate to
contact my office at (202)261-8413 if we can be of further
assistance.

Sincerely,

Audree B. Holton
Advocacy and Oversight
Office of Information Programs
and Services



**United States Department of State**

*Washington, D.C. 20520*

MAR 1 5 2006

Case No. 200502767

Mr. Wayne G. Sayles
Ancient Coin Collectors Guild
P.O. Box 911
Gainesville, MO  65655

Dear Mr. Sayles:

I refer to your letter dated July 6, 2005, requesting under
the provisions of the Freedom of Information Act (Title 5
USC Section 552) and/or the Privacy Act (Title 5 USC Section
552a) for copies of documents of any communication
concerning the People's Republic of China's request for
import restrictions and/or coins between the Cultural
Property Advisory Committee and members of the
Archaeological Institute of America or the Lawyer's
Committee for Cultural Heritage Preservation during March
27, 2004 to December 28, 2004; and any and all documents
evidencing the inclusion of coins in the list of items
proposed to be restricted in response to the Chinese request
for import restrictions during March 27, 2004 to December
28, 2004.

The Department of State has a number of record systems.  Its
Central Foreign Policy Record File is an automated
centralized records system, containing substantive foreign
policy documents.  Additionally, offices within the
Department and Foreign Service posts abroad maintain files
specific to their operations.  Information about the
Department and the mission and functions of its individual
bureaus and offices, as well as its posts abroad, may be
found at our website, www.state.gov or in the U.S. Government
Manual published by the Government Printing Office and
available at most public libraries.

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 18

ATCH 2-1

- 2 -

Based on the subject matter of your request, we searched the record systems most likely to maintain responsive records: the Central Foreign Policy Records; the Bureau of East Asian and Pacific Affairs; and the Bureau of Educational and Cultural Affairs. After a thorough search of these systems conducted by professional employees familiar with their contents and organization, no records responsive to your request were located.

I regret that the Department's response to your request is not more positive. Should you have any additional information that would assist us in identifying or locating the Department of State records you seek, please let us know within 60 days of the date of this letter, and we will be pleased to resume the processing of your request. Send additional information to: Office of Information Programs and Services, A/RPS/IPS, SA-2, Room 8100, U.S. Department of State, Washington, DC 20522-8100. You may also direct questions concerning the processing of your request to the same address, or telephone (202)261-8314.

The D.C. Circuit Court of Appeals, in Oglesby v. Department of the Army, 920 F.2d 57 (D.C. Cir. 1990), ruled that a "no record" response constitutes an adverse determination, thereby requiring an agency to give appeal rights to the requester. Our determination that the Department does not have any records responsive to your request may be appealed within 60 days of the date of this letter. Although I believe that our search effort has been thorough and complete, I want to be sure that you are aware of this court decision.

Appeals should be addressed to: Chairman, Appeals Review Panel, c/o Appeals Officer, IPS/PP/IA, Room 8100, SA-2, U.S. Department of State, Washington, DC 20522-8100. A copy of the Department's appeal procedures is enclosed. Please refer to the case control number shown above in all correspondence concerning this case.

The Freedom of Information Act provides for the recovery of the direct costs of searching for and duplicating records requested for non-commercial use. No charge is made for the first two hours of search time or for the first one hundred pages of duplication. Total fees due in this case are $47.00, representing: 1 hour of executive search time @ $30.00 per

ATCH 2-2

- 3 -

hour ($30.00); and 1 hour of professional search time @
$17.00 per hour ($17.00).  Please make your check or money
order payable to the Treasurer of the United States, and mail
it to the Office of Information Programs and Services, SA-2,
Room 8100, Department of State, Washington, DC 20522-8100.
Please be sure to write the case control number on your check
or money order.

Sincerely,

Margaret P. Grafeld
Director
Office of Information Programs
and Services

Enclosure:
  As stated.

ATCH 2-3



# ANCIENT COIN COLLECTORS GUILD

P.O. Box 911, Gainesville, MO 65655
tel: 417-679-2142  email director@accg.us

**BOARD OF
DIRECTORS**

David Hendin
Bill Puetz
Wayne G. Sayles
David R. Sear
Peter K. Tompa
David L. Vagi
Kerry K. Wetterstrom

**EXECUTIVE
DIRECTOR**
Wayne G. Sayles

**WEB SITE**
http://accg.us

April 17, 2006
Chairman, Appeals Review Panel
c/o Appeals Officer
A/RPS/IPS/PP/LC
U.S. Department of State
SA-2, Room 8100
Washington, D.C. 20522-8100

RE: Denial of Records Request, Concerning Chinese Request for Import Restrictions,
      Case No. 2000502767

Mr. Chairman:

I am appealing the claim that no responsive documents exist in response to the above
request. (See 63934 Fed. Reg./Vol. 69, No. 212, Subpart F Sec. 171.52 (a).) The response
of the State Department to our request makes no sense. The response to the first part of the
request is phrased somewhat differently than our request. This raises the question whether
that response is complete. The response to the second part of our request seems highly
unlikely given the contents of another document posted on the State Department Bureau of
Educational and Cultural Affairs Web Site. If it is correct, however, it is quite troubling
because it suggests that proper procedures have not been followed with respect to the
proposed imposition of import restrictions on cultural artifacts of Chinese origin.

## I.     Background

In September 2004, the Federal Register announced that the Chinese government submitted
a request to the United States for import restrictions on certain categories of cultural artifacts
under the terms of the 1970 UNESCO Treaty. In or about November 2004, the State
Department placed what purported to be a public summary of the PRC request on its web
site. What was unusual about the request as reported was its breadth; virtually every and any
category of cultural artifact dating from Neolithic times to 1911 was slated for potential
restriction.

The governing statute, the Convention on Cultural Property Implementation Act (CPIA),
requires that a foreign state—here the PRC—will initiate and justify its own request for
import restrictions. See e.g., CPIA, 19 U.S.C. Sec. 2602 (a) (3) ("A request made to the
United States under article 9 of the [UNESCO] Convention by a State Party must be
accompanied by a written statement of facts known to the State Party that relate to those
matters with respect to which a determinations must be made."). Yet, a number of
inconsistencies in details about the request as reported in the public summary raised some
serious questions about whether proper procedures were followed in processing and
justifying the request under the terms of the CPIA. The most pressing related to a variance
between public pronouncements made by Chinese heritage officials focusing on the need to
protect ancient tombs and the breadth of the requested embargo. In essence, if the major

concern of PRC officials is the theft of valuable artifacts from tombs, does that really justify a wide ranging embargo on a host of objects less than 250 years old and objects that are not archaeological materials, either because they are not regularly discovered in the ground or lack cultural significance?

At the same time, members of the numismatic community also became concerned about the scope of the request. In particular, they queried why the request included coins when the Bank of China has partnered with a Chinese entrepreneur to sell to tourists the exact same types of coins from a 500 ton hoard he has accumulated. In essence, why would China think coins were culturally significant objects that should be subject to restrictions when they had such large stocks on hand that they sell them to tourists?

To attempt to clarify these points, an attorney representing the antiquities trade asked for a copy the original request, but he was told it was "secret" even though it purportedly had been translated and its summary placed on a State Department web site. In light of that rejection, another attorney representing the numismatic community filed a FOIA request on March 29, 2005, seeking the original copy of the Chinese request. That FOIA request was assigned Case Number 200501372. To date, this FOIA request has not been honored.

In addition to that FOIA request, I made the FOIA request for which this appeal has been taken on July 6, 2005. (See Exhibit A.) I made this FOIA request on behalf of the Ancient Coin Collectors Guild because I (along with many other members of the numismatic fraternity) am concerned that a narrow PRC request for help in retrieving "stolen" items of cultural significance may have been transformed into a wide ranging request for import restrictions far beyond that originally contemplated by the PRC—with or without the assistance of the same members of the archaeological community that testified in favor of broad restrictions during the public hearing in February 2005.

To aid in the retrieval of documents, I summarized this request in two parts as follows:

1. Copies of any written, electronic or oral communications reduced to writing concerning the PRC's request for import restrictions and/or coins between CPAC staff and members of the Archaeological Institute of America or the Lawyers' Committee for Cultural Heritage Preservation, including but not limited to Prof. Patty Gerstenblith, Ellen Hersher, Jane Waldbaum, and Prof. Malcolm Bell during the period March 27, 2004-December 28, 2004.

2. Any and all documents evidencing the inclusion of coins in the list of items proposed for potential restrictions, generated during the period March 27, 2004-December 28, 2004.

However, after many months of waiting (including an interlude when my request was dismissed on dubious technical grounds, only to be reactivated following a letter to the State Department from Sen. Bond), I received the following response in a letter, dated March 15, 2006: "After a thorough search of these [record] systems conducted by professional employees familiar with their contents and organization, no records responsive to your request were located." (Letter from Margaret Graefeld to Wayne Sayles, dated March 15, 2006, at 2, Exhibit B.)

## II.     Grounds for Appeal

### A.  The Response to the First Part of the Request May be Misleading

I am concerned that it is possible that the claim that there are no documents responsive to the first part of my request may be misleading. As set forth above, my request related to CPAC *staff*. However, the March 15, 2005 FOIA response letter refers only to the Cultural Property Advisory Committee and not CPAC *staff*. The intent of my request was to seek materials to or from staff associated with CPAC (employees of the Bureau of Educational and Cultural Affairs) who put together the request for import restrictions that was later acted upon by the CPAC members.

There also is the possibility that the response did not include communications between CPAC staff and the individuals listed in my request (as opposed to just the organizations listed). As set forth more fully in the State Department's response, that response only quotes that part of the original request related to the organizations listed and not the individuals listed.

Chairman, Appeals Review Panel
April 17, 2006
Page 3 of 3

I acknowledge that it could well be that the FOIA response could merely be drafted poorly; however, given our concerns with the Chinese request as a whole, I believe this needs to be clarified.

**B.  The Response to the Second Part of the Request Makes no Sense.**

It is clear that the Public Summary of the Chinese Request for import restrictions references coins among the items up for potential restrictions.

"The People's Republic of China seeks import restrictions on categories of pillaged archaeological material from the Paleolithic Period to Qing Dynasty including, but not limited to:
Metals - bronze, gold, and silver vessels, sculpture, utensils, jewelry, *coins,* weapons, and armor" (See http://exchanges.state.gov/culprop/cn04sum.html.) (emphasis added.)

The Federal Register indicated that the US received a request for import restrictions from China on May 27, 2004. The public summary was put up on the State Department web site in November 2004. For that reason, our request (for the period March 27, 2004 to December 28, 2004) should have captured any document evidencing the inclusion of coins in the list of items for potential restriction. Under the circumstances, the fact that there is supposedly no document responsive to this request should be inaccurate.

However, if the response is accurate, and there are in fact no such responsive documents, this strongly suggests that coins were added to the list of items up for potential restriction *either sua sponte by CPAC staff or at the behest of American archaeologists.* Either scenario would be at a minimum a very troubling breach of the procedures contemplated under the Convention on Cultural Property Implementation Act.

**III.    Conclusion**

Public acceptance of any import restrictions imposed will depend in no small measure on confidence in the integrity of the process. For that reason, I would request that our appeal be granted promptly and that a more complete response be prepared to FOIA request Case No. 2000502767.

Please feel free to contact me if you have any questions about the nature of this correspondence. Thank you for your assistance.

Sincerely,

Wayne G. Sayles
Executive Director

Attachments: (1) FOIA Request
              (2) FOIA Response

cc:  C. Miller Crouch, Principal Deputy Assistant Secretary of State,
     Bureau of Educational and Cultural Affairs (via facsimile)



**United States Department of State**

*Washington, D.C. 20520*

May 1, 2006

Mr. Wayne Sayles
Ancient Coin Collectors Guild
P.O. Box 911
Gainesville, MO 65655

Re: Freedom of Information Request No. 200502767

Dear Mr. Sayles:

This letter is to inform you that the Chairman of the Department's Appeals
Review Panel has received your letter of April 17, 2006, appealing Freedom
of Information Case No. 200502767.

Should you have any questions concerning the status of your appeal, please
write to:

> The Appeals Officer
> A/RPS/IPS/PP/LC
> SA-2, Room 8100
> U.S. Department of State
> Washington, D.C. 20522-8100

Sincerely,

Lori Hartmann
Appeals Officer
Office of Information Programs and Services

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 20



**United States Department of State**

*Washington, D.C. 20520*

MAY   9 2008

Case No.: 200502767

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

This is a response to the April 17, 2006 appeals letter sent to the Department by
Mr. Wayne G. Sayles in the above referenced case. As you are aware, our
March 15, 2006 letter to Mr. Sayles indicated that we have no records
responsive to his June 27, 2005 request (amended on July 6, 2005) for copies
of any communication between the Cultural Property Advisory Committee
(CPAC) staff and the archeological community regarding the Peoples'
Republic of China request for import restrictions on Chinese antiquities.

Based on the original request as contained in Mr. Sayles' letter of July 6, 2005,
which describes the request as seeking "copies of any communications between
members of the archaeological community and the staff of CPAC" and which
then offers two categories of information "[f]or purposes of narrowing this
FOIA request," we have interpreted your client's request as seeking only
communications between the outside archeological community and the staff of
CPAC.

As noted in our letter of March 15, 2005, the Department's search yielded no
records that are responsive to your request. We have recently conducted
additional searches in an abundance of caution, including a search of the
records of the American Embassy in Beijing, and these searches too have not
located any responsive records.

To the extent the second item in the FOIA request was intended more broadly,
as applying to relevant records of CPAC staff regardless whether they
constituted communications with the outside archaeological community, our
searches have located three documents that would be responsive. However,

- 2 -

staff and reflecting predecisional deliberations, this material would be withheld in full under 5 U.S.C. § 552(b)(5).

We have now completed the processing of this case.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and
Services

*Dillingham & Murphy, LLP*

Counselors at Law

1155 Connecticut Avenue, N.W., Suite 1120

Washington, D.C. 20036

Telephone: 202-835-9880 · Facsimile: 202-835-9885

Internet: www.dillingham-murphy.com

January 20, 2006

**VIA FACSIMILE AND FIRST CLASS MAIL**

Margaret P. Grafeld
Information and Policy Coordinator
Office of Information Resources Management
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-8590

Re:    Freedom of Information Request for CPAC Report and any Dissents on Extension of
       Import Restrictions Imposed on Archaeological Material Originating in Italy and
       Representing the Pre-Classical, Classical and Imperial Roman Periods.

Dear Ms. Grafeld:

        I am counsel to the International Association of Professional Numismatists (IAPN) and
the Professional Numismatists Guild (PNG).  In that capacity, I am seeking release of the
following documents:

   1)      The Report of the Cultural Property Advisory Committee and any Dissents that led to
           the Extension of Import Restrictions on Certain Categories of Archaeological
           Material Representing the Pre-Classical and Imperial Roman Periods of Italy (Public
           Meeting Date: September 8, 2005) (*See generally* Notice of Extension of Import
           Restrictions, *reported at* 71 Fed. Reg. 3000-01 (January 19, 2006).)

        I am willing to pay all applicable fees up to the amount of $500 on IAPN's and PNG's
behalf.  Kindly also note that undersigned counsel filed an earlier FOIA request for a prior
CPAC report prepared on Feb. 7, 2000, relating to import restrictions on Italian archaeological
material (FOIA Request No. 200100359).  Although that report was originally only released in
redacted form, it was later released in its entirety after appeal (Case Control No. 200100359).
For your convenience, I attach the cover letter and the first page of that report indicating release
of that document.  Given the release of the earlier CPAC Report on Italy, IAPN and PNG
respectfully submit there is no principled basis to withhold release of the above requested report
or any dissent that may have accompanied it.

225 Bush Street, Sixth Floor, San Francisco, California 94104 · Telephone: 415-397-2700 · Facsimile: 415-397-3300

Internet: www.dillingham-murphy.com

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 22

Margaret P. Grafeld
January 20, 2006
Page 2 of 2

   Please contact me if you have any questions.

           Sincerely,

           Peter K. Tompa

Attachment



**United States Department of State**

*Washington, D.C. 20520*

MAR 2 2 2004

Case Control No. 200100359

Peter K. Tompa
Counsel for the International Association of
  Professional Numismatists
McDermott, Will & Emery
600 Thirteenth Street, N. W.
Washington, D. C. 20005-3096

Dear Mr. Tompa:

A Department of State Appeals Review Panel, whose members
are listed in an enclosure to this letter, has considered
your appeal of October 17, 2001, for the release of one
document withheld in part by the Department in responding to
your request under the Freedom of Information Act.

It has decided to release the document in its entirety.  The
released material is enclosed.

                    Sincerely,

                    *Francis Terry McNamara*

            **FRANCIS TERRY MCNAMARA
            CO-CHAIRMAN, APPEALS REVIEW PANEL**

Enclosure:
  One document.

P
b 5

# REPORT

## of the

## CULTURAL PROPERTY ADVISORY COMMITTEE

## on the

## REQUEST FROM THE
## GOVERNMENT OF THE REPUBLIC OF ITALY
## RECOMMENDING U.S. IMPORT RESTRICTIONS ON CERTAIN
## CATEGORIES OF ARCHAEOLOGICAL MATERIAL

DEPT OF STATE APPEALS REVIEW PANEL (ARP)
FOIPA/PA                    Mandatory Review
( ✓ ) Release          ( ) Declassify
( ) Excise              ( ) Declassify in Part
( ) Deny                ( ) Class. Rev/Renew
Exemptions _____
ARP Action Cert _____ Date 3/29/04

February 7, 2000



**United States Department of State**

*Washington, D.C. 20520*

January 30, 2006

Peter K. Tompa, Esq.
Dillingham & Murphy, LLP
1155 Connecticut Ave, NW, Suite 1120
Washington, DC 20036

Dear Mr. Tompa:

This is to acknowledge receipt of your letter dated January 20, 2006, for copies of documents concerning the Report of the Cultural Property Advisory Committee and Italy's import restrictions on certain archaeological material. Your request has been assigned case control #200600298.

I assure you that we are making every effort to be responsive to your request. Toward that end, it may be necessary to contact you for additional information regarding the records you seek or more documentation to ensure that your request complies with our published regulations (22 C.F.R. Part 171).

While we will make every effort to meet the time limits cited in the Freedom of Information Act (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Mary Therese Casto, Chief
Requester Communications Branch

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
        *Web site: foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8314*
*FAX: 1-202-261-8579*
*email: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 23



**United States Department of State**

*Washington, D.C. 20520*

Case No.: 200600298

MAY   9  2008

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

In response to your client's request dated January 20, 2006 under the Freedom of Information Act (Title 5 U.S.C. Section 552), we conducted searches of the following Department of State records systems:  the Central Foreign Policy Records (a principal record system of the Department of State) and the Bureau of Educational and Cultural Affairs.

The searches of both systems of records have been completed and have resulted in the retrieval of two documents responsive to your request. We reviewed these documents and determined that one may be released with excisions and one must be withheld in full.  All released material is enclosed.

An enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material.  Where we have made excisions, the applicable exemptions are marked on each document.  The "B1, 1.4(b)" marking refers to excisions made under 5 U.S.C. § 552(b)(1) and section 1.4(b) of Executive Order 12958, as amended.  The "B3, OTHER" or "B3" marking refers to excisions made under 5 U.S.C. § 552(b)(3) and the Convention on Cultural Property Implementation Act, specifically 19 U.S.C. § 2605(h)-(i). For the one document withheld in full, we have cited exemption (b)(5).

In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

The Freedom of Information Act provides for the recovery of the direct costs of searching for, reviewing, and duplicating records requested for commercial use.  Such costs here total $1,698.90, representing: 3 hours of executive search

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 24

- 2 -

time @ $68.00 per hour ($204); 21 hours of executive review time @ $71.00 per hour ($1,491); and 26 pages duplicated @ $0.15 per page ($3.90). However, since it was impossible to estimate these fees accurately before the case was completed, we are charging you only the $500.00 that you agreed to pay without further authorization. Please make your check or money order payable to the Treasurer of the United States, and mail it to the Office of Information Programs and Services, Room 8113, SA-2, Department of State, Washington, D.C., 20522-8113. Please be sure to write the case number on your check or money order.

We have now completed the processing of your case. As these records are subject to pending litigation, there is no administrative appeal available. See 22 C.F.R. § 171.52(a). We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
   As stated.

*Dillingham & Murphy, LLP*
*Counselors at Law*
*1155 Connecticut Avenue, N.W., Suite 1120*
*Washington, D.C. 20036*

---

*Telephone: 202-835-9880 · Facsimile: 202-835-9885*
*Internet: www.dillingham-murphy.com*

July 25, 2007

**VIA FACSIMILE AND FIRST CLASS MAIL**

Office of Information Programs and Services
A/ISS/IPS
Department of State, SA-2
Washington, D.C. 20522-8001

Re:  Freedom of Information Act Request Related to Extension of Import Restrictions
to Coins of Cypriot Types, *reported in* 72 Fed. Reg. 38470-74 (July 13, 2007).

Dear Sir or Madam:

I am counsel to the International Association of Professional Numismatists ("IAPN") and the Professional Numismatists Guild ("PNG"). In that capacity, I am seeking the release of the following documents:

1) The Report of the Cultural Property Advisory Committee and any Dissents that led to the Extension of Import Restrictions on Pre-Classical and Classical Archaeological Objects and Byzantine Ritual Ethnological Material from Cyprus. (Public Meeting Date: January 25, 2007);

2) Any documentation evidencing the extension of import restrictions to coins of Cypriot types for the period January 25, 2007 to July 31, 2007;

3) Any Report to Congress with respect to the above restrictions, as provided for in the Convention on Cultural Property Implementation Act ("CPIA") § 303(g);

4) Any written communications (including e-mails) between staff of the Cultural Heritage Center and Third Parties (who are not State Department employees) with regard to the above restrictions on coins, for the period November 1, 2006 to July 31, 2007;

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 25

*225 Bush Street, Sixth Floor, San Francisco, California 94104 · Telephone: 415-397-2700 · Facsimile: 415-397-3300*

Margaret P. Grafeld
July 25, 2007
Page 2 of 2

5)   Any correspondence from attorney Theodore Rogers to the State Department with regard to a recusal request for Dr. Joan Connelly for the period December 1, 2006 to February 1, 2007.

I am willing to pay all applicable fees up to the amount of $1,000 on IAPN's and PNG's behalf. Kindly also note that undersigned counsel filed an earlier FOIA request for a prior CPAC report prepared on Feb. 7, 2000, relating to import restrictions on Italian archaeological material (FOIA Request No. 200100359). Although that report was originally only released in redacted form, it was later released in its entirety after appeal (Case Control No. 200100359). Given the release of the earlier CPAC Report on Italy, IAPN and PNG respectfully submit there is no principled basis to withhold release of the above requested report.

Please contact me if you have any questions.

Sincerely,

Peter K. Tompa

cc: Acting Assistant Secretary of State Miller Crouch
(via facsimile)



**United States Department of State**

*Washington, D.C.  20520*

Case Number:  200704168

Peter K. Tompa, Esq.
Dillingham & Murphy, LLP
1155 Connecticut Avenue, NW, Ste. 1120
Washington, DC  20036

Dear Mr. Tompa:

This is in response to your Freedom of Information Act/Privacy Act
(FOIA/PA) request, dated July 25, 2007, received in this office on August 2,
2007, concerning extension of Import Restrictions to coins of Cypriot Types,
reported in 72 Fed. Reg. 38470-74 (July 13, 2007).  As well as indicated
reports.

We will begin the processing of your request based upon the information
provided in your communication.  We will notify you as soon as responsive
material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either
the date you have given the Department by specifying a particular time
frame, or the date the search initiated.

**Fees**

The Freedom of Information Act (FOIA) requires agencies to assess fees to
recover the direct costs of processing requests, unless a fee waiver has been
granted.

According to our regulations, by making a FOIA request, you have agreed to
pay all applicable fees up to $25 unless a fee waiver has been granted.  You

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website:  www.foia.state.gov*

*Inquiries:*
*Phone:  1-202-261-8484*
*FAX:  1-202-261-8579*
*E-mail:  FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 26

may specify a willingness to pay a greater amount.  If the estimated fees exceed this limit, you will be notified.

☒     You have stated your willingness to pay the fees incurred in the processing of this request up to $1,000.00.

☐     Please let us know if you are willing to pay the fees that will be incurred in the processing of your request.  You may set a limit of the maximum amount that you wish to pay.  Please be advised that, without an agreement to pay fees, your request will be processed without cost up to the required first 2 hours of search time (for all other requester category only) and duplication of the first 100 pages (for all other, media, educational and non-commercial scientific requester categories).

We will notify you of the costs incurred in processing your request as soon as the search for and, review of; any responsive documents have been completed.

Based upon the information that you have provided, we have placed you in the requester category checked below.  This request will be processed in accordance with the fee schedule designated for that category (see 22 C.F.R. 171, enclosed).

☐     Commercial Use Requesters – Requires us to assess charges that recover the full direct costs of searching for, reviewing for release, and duplicating the record(s) sought.

☐     Educational Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐     Non-commercial Scientific Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐     Representatives of the News Media – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

*Office of Information Programs and Services*                    Inquiries:
*U.S. Department of State, SA-2*                                        Phone:  1-202-261-8484
*Washington, DC 20522-8100*                                        FAX:  1-202-261-8579
       *Website:  www.foia.state.gov*                               E-mail:  FOIAStatus@state.gov

All Other Requesters – Requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

☐ You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

☐ Your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

☐ Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet titled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

## Other Agency Material

☐ Some of the material that you seek appears to have been originated by another agency(ies). If you wish to contact the Freedom of Information/Privacy Office of that agency(ies), the address(es) can be found on the attached list.

☐ Some of the records you seek are no longer in the possession of the State Department. The majority of Department of State records (excluding passport and visa records) which are 25 years or older are transferred to the National Archives and Records Administration (NARA) in accordance with Title 22, Code of Federal Regulations, Part 171.6. Accordingly, requests for such records should be addressed to:

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

National Archives and Records Administration
8601 Adelphi Road, Room 311
College Park, MD 20740-6001

For pre-1925 passport records, and visa records dating 1910-1940, please contact:
Civil Records
National Archives & Records Administration
Washington, DC 20408

If you wish to review further information on our requirements for maintenance or disposal of records, please visit the following website: foia.state.gov/records.asp.

While we will make every effort to meet the time limits cited in the FOIA (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us at the number or address below. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

M. Lassiter
Requester Communications Branch
*ISO 9001:2000 Certified*

Enclosures:
As stated.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone:  1-202-261-8484*
*FAX:  1-202-261-8579*
*E-mail:  FOIAStatus@state.gov*

## Besom, Donald G

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) [BHudak@usa.doj.gov] |
| **Sent:** | Tuesday, April 15, 2008 1:44 PM |
| **To:** | Scott Hodes |
| **Subject:** | ACCG v. U.S. Dep't of State -- Update |

Scott – Hope all is well.  I had a question about one of your client's original requests.

Specifically, one of your clients' original requests sought the release of "any written communications (including e-mails) between staff of the Cultural Heritage Center and Third Parties (who are not State Department employees) with regard to the above restrictions on coins, for the period November 1, 2006, to July 31, 2007."  The Agency has identified potentially thousands of pages of documents that technically fit this request, but may exceed the scope of your clients' intended request.

Specifically, we were wondering if your clients intended to include in such request communications – email, faxes, letters -- containing public comments from *individuals* in response to the public notice either supporting or opposing the addition of Cypriot coins older than 250 years to the list of antiquities restricted for importation into the U.S., which may have to be redacted to prevent disclosure of personal addresses, phone numbers, etc. under FOIA Exemption (b)(6)?  A lot of these materials are substantively identical letters from individuals supporting or opposing proposed import restrictions that were sent pursuant to the Agency's invitation for public comment.

From your requests it seems that your client is more focused on the operations and actions of the Agency and not comments and opinions from members of the public.  Accordingly, we believe that excluding these documents from your client's requests will help expedite the Agency's review, avoid needless time redacting personal information from individual's comments, and provide you with documents you really are interested in, instead of thousands of pages of public comment letters that shed no light on the Agency's activities.

Please let me know.

Many thanks.

Best,
Brian

**Brian Hudak**
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

10/6/2008

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 27

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

(301) 404-0502

MEMBER DC AND MD BARS

INFOPRIVACYLAW@YAHOO.COM

April 17, 2008

Mr. Brian Hudak
Assistant United States Attorney
555 4th Street, NW
Washington, D.C. 20530

RE:  *ACCG, et. al. v. U.S. Department of State*

Dear Mr. Hudak:

This letter is in response to your e-mail of April 15, 2008, in which you asked about my clients' request for "any written communications (including e-mails) between staff of the Cultural Heritage Center and Third Parties (who are not State Department employees) with regard to the above restrictions on coins, for the period November 1, 2006 to July 31, 2007." You specifically stated that "[t]he Agency has identified potentially thousands of pages of documents that technically fit this request, but may exceed the scope of your clients' intended request."

My clients wish to narrow this request. My clients do not seek communications dated January 27, 2007 to February 5, 2007 that are responsive to this request with the exception of communications from or to the following groups; the AIA and Saving Antiquities for Everyone and the following individuals; Jane Waldbaum, Brian Rose, Malcolm Bell, Patty Gerstenblith, Ellen Herscher, Ricardo St. Hilaire, John Russell, Elizabeth Stone, and Cindy Ho. My clients are still interested in the communications to and from these groups and individuals for the entire time period of the request.

I believe this narrowing of the request will greatly assist your client in processing the responsive records for my clients. If you need any further information pertaining to this request, or any others at issue in this litigation, please contact me at your convenience.

Sincerely,

Scott A. Hodes

## Dubose, Lynn C

| | |
|---|---|
| **From:** | Scott Hodes [infoprivacylaw@yahoo.com] |
| **Sent:** | Wednesday, April 23, 2008 1:26 PM |
| **To:** | Hudak, Brian (USADC) |
| **Cc:** | PKT@becounsel.com |
| **Subject:** | ACCG et al v. State |

Brian--I have one change to my letter of April 17, 2008 concerning the narrowing of my request. My clients also seek any communications dated January 27, 2007 to February 5, 2007 from or to the government of Cyprus, including the Cyprus embassy located in Washington D.C.

Thank you.

Scott Hodes

Scott's Website: www.infoprivacylaw.com
Scott's blog: http://thefoiablog.typepad.com

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 29

10/30/2008

## Dubose, Lynn C

| | |
|---|---|
| **From:** | Hudak, Brian (USADC) [Brian.Hudak@usdoj.gov] |
| **Sent:** | Friday, June 13, 2008 11:43 AM |
| **To:** | Lewis, Oliver M |
| **Subject:** | FW: ACCG v. State -- Extension and schedule and other matters |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Purple |

FYI

**Brian Hudak**
Assistant United States Attorney
555 4th Street NW
Washington, DC 20530
(202) 514-7143

**From:** Scott Hodes [mailto:infoprivacylaw@yahoo.com]
**Sent:** Friday, June 13, 2008 11:42 AM
**To:** Hudak, Brian (USADC)
**Subject:** Extension and schedule and other matters

Brian:

I have discussed the new schedule you have proposed with my clients. We generally agree with an extension for your msj until September 26, 2008. We would like our opposition to be due on October 24. Additionally, your clients have agreed to produce additional information as well as the referral material by June 27, 2008.

Additionally, on request 200704168, I sent you a letter dated April 17, 2008 which narrowed the request to a number of items. My letter of May 22, 2008 raised some search issues regarding this request and in our conversation of June 12, 2008, your client stated they would review the search and do additional searches if necessary. I would ask that the State Department also search for and produce to my clients' any letter sent by the Bank of Cyprus Cultural Foundation and/or the Cyprus Numismatic Society during the time period of this request. It would be much easier for them to search for this information at this point rather than make my clients file a new request and subsequently amend or file a new lawsuit for just this information, if necessary.

If this meets your approval, we should submit the new schedule to the Court.

Scott Hodes

Scott's Website: www.infoprivacylaw.com
Scott's blog: http://thefoiablog.typepad.com

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 30

10/30/2008



**United States Department of State**

*Washington, D.C. 20520*

MAY   9 2008

Case No.: 200704168

Scott A. Hodes, Esq.
1410 Raintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

In response to your clients' request dated July 25, 2007 under the Freedom of
Information Act (Title 5 U.S.C. Section 552), we searched the records of the
Bureau of Educational and Cultural Affairs and retrieved 10 documents
responsive to your request.

After reviewing these documents, we have determined that two may be
released in full, five may be released with excisions, and two must be withheld
in full. All released material is enclosed.

A decision on the remaining document requires interagency coordination and
has been referred to another government office for further review to assist us in
making a final determination.

An enclosure provides information on Freedom of Information Act exemptions
and other grounds for withholding material. Where we have made excisions,
the applicable exemptions are marked on each document. The "B1, 1.4(b)"
marking refers to excisions made under 5 U.S.C. § 552(b)(1) and section 1.4(b)
of Executive Order 12958, as amended. The "B3, OTHER" or "B3" marking
refers to excisions made under 5 U.S.C. § 552(b)(3) and the Cultural Property
Implementation Act, specifically 19 U.S.C. § 2605(h)-(i). Of the documents
withheld in full, one was withheld under exemption (b)(6); and one under
exemption (b)(1).

In some cases, two or more exemptions may apply to the same document. In
the case of a document released in part, all non-exempt material that is
reasonably segregable from the exempt material has been released.

- 2 -

The Freedom of Information Act provides for the recovery of the direct costs of searching for and duplicating records requested for non-commercial use. However, no fee is charged if the cost of collecting and processing the fee exceeds the amount of the fee. Since billable costs in this case do not exceed that amount, your request has been processed without charge to you.

We have now completed the processing of this case. We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

*Dillingham & Murphy, LLP*

*Counselors at Law*

*1155 Connecticut Avenue, N.W., Suite 1120*

*Washington, D.C. 20036*

---

*Telephone: 202-835-9880 · Facsimile: 202-835-9885*

*Internet: www.dillingham-murphy.com*

August 1, 2007

## VIA FACSIMILE AND FIRST CLASS MAIL

Margaret P. Grafeld
Information and Policy Coordinator
Office of Information Resources Management
A/RPS/IPS, SA-2
Department of State
Washington, D.C. 20522-8590

Re:   Freedom of Information Act Request Related to Extension of Import Restrictions to Coins of Cypriot Types, *reported in* 72 Fed. Reg. 38470-74 (July 13, 2007).

Dear Ms. Grafeld:

I am counsel to the International Association of Professional Numismatists ("IAPN") and the Professional Numismatists Guild ("PNG"). In that capacity, I am seeking the release of the following documents:

1)   Copy of any request by the Republic of Cyprus for import restrictions on coins pursuant to Article 9 of the 1970 UNESCO Convention made in or about January 2007.

I am willing to pay all applicable fees up to the amount of $25.00 on IAPN's and PNG's behalf.

Please contact me if you have any questions.

Sincerely,

Peter K. Tompa

cc:  Assistant Secretary of State Miller Crouch (via facsimile)

'07 AUG 8 PM1:52

---

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 32



**United States Department of State**

*Washington, D.C. 20520*

Case Number 200704596

Peter K. Tompa
Dillingham & Murphy, LLP
Counselors at Law
1155 Connecticut Avenue, N.W., Suite 1120
Washington, D.C. 20036

Dear Mr. Tompa:

This is in response to your Freedom of Information Act/Privacy Act
(FOIA/PA) request, dated August 1, 2007, for a copy of any request by the
Republic of Cyprus for import restrictions on coins pursuant to Article 9 of
the UNESCO Convention made in or about January 2007.

We will begin the processing of your request based upon the information
provided in your communication. We will notify you as soon as responsive
material has been retrieved and reviewed.

We wish to advise you that the cut-off date for retrieving records is either
the date you have given the Department by specifying a particular time
frame, or the date the search initiated.

<u>Fees</u>

The Freedom of Information Act (FOIA) requires agencies to assess fees to
recover the direct costs of processing requests, unless a fee waiver has been
granted.

According to our regulations, by making a FOIA request, you have agreed to
pay all applicable fees up to $25 unless a fee waiver has been granted. You

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
     *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 33

may specify a willingness to pay a greater amount. If the estimated fees exceed this limit, you will be notified.

☒    You have stated your willingness to pay the fees incurred in the processing of this request up to $25.00.

☐    Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay. Please be advised that, without an agreement to pay fees, your request will be processed without cost up to the required first 2 hours of search time (for all other requester category only) and duplication of the first 100 pages (for all other, media, educational and non-commercial scientific requester categories).

We will notify you of the costs incurred in processing your request as soon as the search for and, review of, any responsive documents have been completed.

Based upon the information that you have provided, we have placed you in the requester category checked below. This request will be processed in accordance with the fee schedule designated for that category (see 22 C.F.R. 171, enclosed).

☐    Commercial Use Requesters – Requires us to assess charges that recover the full direct costs of searching for, reviewing for release, and duplicating the record(s) sought.

☐    Educational Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐    Non-commercial Scientific Institution Requesters – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

☐    Representatives of the News Media – Requires us to assess charges that recover the cost of duplicating the record(s) sought only, after the first 100 pages of duplication.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

All Other Requesters – Requires us to assess charges that recover the full reasonable direct cost of searching for and duplicating the record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

☐ You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

☐ Your request for a fee waiver has been granted; therefore, your request will be processed at no charge to you.

☐ Based upon the information provided in your letter, your request for a fee waiver has been denied. If you wish to appeal this decision, you may write to the Chief, Requester Liaison Division, at the address given on the bottom of this page. Your appeal should address the points listed in the enclosed sheet titled "Requests for Fee Waivers." Your appeal must be sent to us within 30 days from the date that you receive this letter.

## Other Agency Material

☐ Some of the material that you seek appears to have been originated by another agency(ies). If you wish to contact the Freedom of Information/Privacy Office of that agency(ies), the address(es) can be found on the attached list.

☐ Some of the records you seek are no longer in the possession of the State Department. The majority of Department of State records (excluding passport and visa records) which are 25 years or older are transferred to the National Archives and Records Administration (NARA) in accordance with Title 22, Code of Federal Regulations, Part 171.6. Accordingly, requests for such records should be addressed to:

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
   *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 4 -

National Archives and Records Administration
8601 Adelphi Road, Room 311
College Park, MD 20740-6001

For pre-1925 passport records, and visa records dating 1910-1940, please contact:

Civil Records
National Archives & Records Administration
Washington, DC 20408

If you wish to review further information on our requirements for maintenance or disposal of records, please visit the following website: foia.state.gov/records.asp.

While we will make every effort to meet the time limits cited in the FOIA (5 U.S.C. § 552), unusual circumstances may arise for extending the time limit (see enclosure). We appreciate your patience in this matter.

If you have any questions, please do not hesitate to contact us at the number or address below. We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

John R. Catlett
Requester Communications Branch
*ISO 9001:2000 Certified*

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*



**United States Department of State**

*Washington, D.C. 20520*

MAY   9  2008

Case No.: 200704596

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

In response to your client's request dated August 1, 2007 under the Freedom of Information Act (Title 5 U.S.C. Section 552), we conducted a search of the records of the Bureau of Educational and Cultural Affairs and retrieved one document responsive to your request. After reviewing this document, we have determined that it must be withheld in full.

The document has been withheld under FOIA exemption 1, 5 U.S.C. § 552(b)(1). An enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material.

We have now completed the processing of this case.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosure:
    As stated.

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS

INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

October 11, 2007

Office of Information Programs and Services
A/ISS/IPS/RL
U. S. Department of State, SA-2
Washington, D. C. 20522-8100

VIA FACSIMILE

## FOIA Request

Dear FOIA Officer:

This is a request pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 on behalf of my clients, the Ancient Coin Collectors Guild ("ACCG"), the Professional Numismatists Guild ("PNG") and the International Association of Professional Numismatists ("IAPN").

Pursuant to the FOIA, my clients seek the following:

1. Copies of any communications to the State Department Decision Maker outlining the Cultural Property Advisory Committee's ("CPAC") recommendation made with respect to import restrictions on coins of Cypriot types from January to July 2007.

2. Copies of the State Department Decision Maker's decision (made between January to July 2007) to impose import restrictions on coins of Cypriot types.

3. Copies of any communications with the Department of Homeland Security ("DHS"), or any component agency of DHS, with regard to the imposition of import restrictions on coins of Cypriot types from January to July 2007.

4. Copies of any and all memorandum, drafts, communications, emails or any other information related to the Bureau of Educational and Cultural Affairs Media Note 2007/615 (June 20, 2007) entitled "U.S. and Cyprus Extend Agreement to Protect Archeological and Ethnological Heritage of Cyprus" available at http://exchanges.state.gov/news/2007/072007.htm.

5. Copies of any and all memorandum, drafts, communications, emails or any other information related to the Office of the Spokesman Media Note 2007/615 (July 20, 2007) entitled "U.S. and Cyprus Extend Agreement to Protect Archeological and Ethnological Heritage of Cyprus" available at http://www.state.gov/r/pa/prs/ps/2007/88794.htm.

6. Copies of any and all memorandum, drafts, communications, emails, or any other information related to the plans for an remarks made at the Cyprus signing ceremony

October 11, 2007

on July 19, 2007, available at http://www.state.gov/p/us/rm/2007/89515.htm for the
period December 1, 2006 to October 1, 2007.

7. Copies of any and all memorandum, drafts, communications, emails, or any other
information related to the entry on the Cultural Heritage Center's web site under the
"What's New" section about the inclusion of coins in Cypriot import restrictions,
available at http://exchanges.state.gov/culproper/whatsnew.html.

8. Copies of any and all memorandum, drafts, communications, emails, and any
other information related to Federal Register Vol. 72 No. 134, Friday July 13, 2007
pp. 38470-38474 entitled "Extension of Import Restrictions Imposed on Pre-Classical
and Classical Archaeological Objects and Byzantine Period Ecclesiastical and Ritual
Ethnological Material from Cyprus."

9. Copies of any and all memorandum, drafts, communications, emails, and any
other information related to the "Illustrations of the Categories of the Objects Subject
to U.S. Import Restrictions-Cyprus (Coins of Cypriot Types)" available at
http://exchanges.state.gov/culprop/cyimagecomb.html.

My clients will pay all applicable fees.  However, please advise us if the estimated
fees exceed $100.

If any of the above is not clear, or if you have any questions, please do not hesitate to
contact me at your convenience.

Sincerely

Scott A. Hodes



**United States Department of State**

*Washington, D.C. 20520*

Case No.: 200706194

MAY  9 2008

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 2085

Dear Mr. Hodes:

In response to your request dated October 11, 2007 under the Freedom of Information Act (Title 5 U.S.C. Section 552), we have searched the records of the Bureau of Educational and Cultural Affairs, the Bureau of Public Affairs, the Bureau of European Affairs and the Office of the Undersecretary for Political Affairs, resulting in the retrieval of 60 documents responsive to your request. After reviewing these documents, we have determined that 32 may be released in full, 7 may be released with excisions, and 16 must be withheld in full. All released material is enclosed.

A decision on the remaining 5 documents requires interagency coordination, and the documents have been referred to another government office for further review to assist us in making a final determination.

An enclosure provides information on Freedom of Information Act exemptions and other grounds for withholding material. Where we have made excisions, the applicable exemptions are marked on each document. The "B1, 1.4(b)" marking refers to excisions made under 5 U.S.C. § 552(b)(1) and section 1.4(b) of Executive Order 12958, as amended. The "B3, OTHER" or "B3" marking refers to excisions made under 5 U.S.C. § 552(b)(3) and the Convention on Cultural Property Implementation Act, specifically 19 U.S.C. § 2605(h)-(i). Of the documents withheld in full, 4 were withheld under exemption (b)(5) and 12 under exemption (b)(1).

In some cases, two or more exemptions may apply to the same document. In the case of a document released in part, all non-exempt material that is reasonably segregable from the exempt material has been released.

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 36

- 2 -

The Freedom of Information Act provides for the recovery of the direct costs of searching for and duplicating records requested for non-commercial use. However, no fee is charged if the cost of collecting and processing the fee exceeds the amount of the fee. Since billable costs in this case do not exceed that amount, your request has been processed without charge to you.

We have now completed the processing of your case. We hope that the Department has been of service to you in this matter.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

**SCOTT A. HODES, ATTORNEY AT LAW**
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS

INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

May 22, 2008

Mr. Brian P. Hudak
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

<u>ACCG, et. al. v. United States Dep't of State, Civ. No. 07-2074 (RJL)</u>

Dear Mr. Hudak:

As you know, the Court's Order dated February 4, 2008 in the above-captioned case requires my clients to review the material released by the State Department on May 9, 2008 and advise you of any issues remaining in this lawsuit by June 2, 2008.  My clients have reviewed the material, and by this letter, will advise you of issues remaining in the lawsuit.

Initially, there appear to be six documents that were referred, at least in part, to other government agencies for consultation prior to a release decision being made on them.  My clients continue to be interested in the release of these documents and want to know when the State Department plans to make a release determination on them.  I believe, from previous experience litigating Freedom of Information ("FOIA") matters, that any motions in this case should be delayed until a determination on the release of these six documents is determined by the State Department.

While my clients are pleased that some information was released to them, they are disappointed with the broad use of various FOIA exemptions to withhold responsive material from them.  I will address the use of each exemption specifically and I would ask that you and your client review these issues to see if further releases can be made prior to requiring them to complete a <u>Vaughn</u> index.

My clients contest the use of Exemption 1 to redact material as confidential material provided by a foreign government.  It appears that some of the information in documents marked as exempt pursuant to Exemption 1 was declassified on the cover pages.  If that is not the case, the confidential markings on these documents are not procedurally correct and the material is not properly classified.  Further, even if all of the material withheld pursuant to FOIA Exemption 1 was properly marked, my clients do not believe that this material is properly classified at the confidential level and plan to contest it before the court.

Next, my clients challenge the use of exemption 3 to withhold responsive material. 19 U.S.C. § 2605(h)-(i) is the statue cited for the withholdings under this exemption. However, my clients do not believe that this statute qualifies as an exemption 3 statute for the withholdings made by the State Department. Even if this statute would qualify as an exemption 3 statute, it contains certain requirements that must be made prior to withholding the attached material. It does not appear these requirements have been met. Additionally, it has been invoked to withhold material in an e-mail chain between Andrew Cohen and the late Danielle Parks. This material is clearly not within any withholding pursuant to the FOIA that may, in any event, be allowed by the statute and should certainly be released. Thus, my clients will contest the use of this exemption before the court as well.

My clients will also challenge the State Department's expansive use of Exemption 5 to withhold material deemed deliberative. It appears that some of this material fails to be inter/intra agency, and therefore cannot be withheld pursuant to an Exemption 5 privilege. Additionally, this privilege only applies to deliberative material and it appears that purely factual material was not segregated and released by your clients. Thus, my clients will contest the use of Exemption 5 before the court.

My clients concede and will not contest the use of Exemption 6 to protect purely personal information pertaining to non-government third parties such as e-mail, home addresses and home phone numbers. However, the withholding of the names of third parties pursuant to this exemption is not proper--such as those found on pages 23-29 of the CPAC Italy report. As such, my client will contest the withholding of names of third parties pursuant to Exemption 6.

My clients also contest the response to FOIA Request 200501372 which states that "there is no 'original Chinese Request for import restrictions pursuant to the 1970 UNESCO treaty, in Chinese, which Request formed the basis' of the public summary that the Department published." My clients' request is based on whatever the State Department published its summary of the request on and the State Department response to this request is not clear what the summary was based on or even who made it.

The search for certain responsive records is also an issue. For instance, Andrew Cohen's e-mails with the late Professor Danielle Parks indicate that she made comments to CPAC, those comments were not located and released. Finally, the fact that only 10 documents were located pursuant to Request Number 200704168 indicates that the search may not have been sufficient. There is no correspondence from a number of individuals specifically named in my clients' narrowed request, including attorney Theodore Rogers, nor are there any comments at all from the Cyprus American Archaeological Research Institute ("CAARI"). CAARI has touted in its newsletter a meeting it arranged between Maria Kouroupas and the Director of the Cypriot Archaeological Service before the renewal of the Memorandum of Understanding with Cyprus. Finally, there do not seem to be any e-mails to or from Maria Kouroupas about the Cyprus issue, even though Ms. Kouroupas worked extensively on this matter and as described above held meetings on the subject with

May 22, 2008

outside parties. Thus, the search for information pertaining to the activities of Ms. Kouroupas, as well as other items, appears inadequate and will be challenged.

Finally, my clients will contest the executive review fees of $1491.00 for Request Number[1] 200600298 and $710.00 for Request Number 200402941. While payment will be made so that the lawsuit may go on, my clients will seek a refund of this amount. The fact that "executive" review time took 21 hours for two (2) documents for one request (200600298) and ten (10) hours for three (3) documents in another appear to be excessive. It is not apparent what took so long to review so little material. In light of this, my clients seek further documentation as to the "executive" review time for these requests, and will contest these fees unless they can be adequately substantiated by your clients.

I can inform you that my clients will not contest Count IV (Request Number 200503753) any further in this matter.

If your client wishes to reprocess any of the withheld material discussed above, conduct further searches for responsive documents, or recalculate its fees, my clients are willing to reevaluate the areas of concern discussed in the letter.

Thank you for your time and consideration. I hope to hear from you soon concerning these matters.

Sincerely,

Scott A. Hodes

---

[1] Even though the State Department reduced the overall fees my clients are responsible for to $500 for this request, this amount is still excessive and will be contested.

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS                                                   INFOPRIVACYLAW@YAHOO.COM

(301) 404-0502

July 16, 2008

Mr. Brian P. Hudak
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Via e-mail

<u>ACCG, et. al. v. United States Dep't of State, Civ. No. 07-2074 (RJL)</u>

Dear Mr. Hudak:

This letter is in response to your client's release of June 27, 2008.  My clients have
reviewed the material, and by this letter, will advise you of issues remaining in the
lawsuit.

Initially, I note that your client's letter of June 27, 2008 indicated that they were
continuing to search for responsive records.  Can you please advise me as to the
status of that search and when your client's believe it will be completed?

My clients will contest the use of Exemptions 1, 3, and 5 as used by the State
Department to redact the material on the responsive material.  I have raised some of
the reasons for this in my correspondence of May 22, 2008, and we continue to
believe that the broad use of these exemptions is not appropriate in each instance in
which they were invoked.  Thus, we ask that your client prepare a justification for this
material.

My clients have previously conceded and will not contest the use of Exemption 6 to
protect purely personal information pertaining to non-government third parties such
as e-mail, home addresses and home phone numbers.  However, it remains unclear
why some of the names of third parties were redacted pursuant to this exemption,
and as such my clients will contest the withholding of names of third parties pursuant
to Exemption 6.

My clients also will contest the use of Exemptions 2 and 7(C) to protect information
that was referred to United States Customs and Border Protection.  For your
information, these individuals do not appear to be Customs Agents and as such, their
identities would not be protectable pursuant to Exemption 7(C).

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 38

My clients will also continue to contest the response to FOIA Request 200501372 despite your client's assurances.

Further, the search for responsive records remains an issue as described in my letter to you of May 22, 2008. While I realize your clients have indicated that they will be conducting further searches, my clients haven't received anything further documents at this time, and as such, this remains an issue in this matter.

In particular, my clients continue to question why State has not produced any emails from the computer of Maria Kouroupas, the head of the ECA's Cultural Heritage Center. Ms. Kouroupas was intimately involved in the Cypriot renewal, including the inclusion of coins. Under the circumstances, it would seem highly unlikely that Ms. Kouroupas would not have communicated about this topic. My clients have a similar concern with regard to the lack of documents produced relating to CAARI and the extension of import restrictions to coins. In particular, by our count, State has only produced one document specifically related to CAARI. On the other hand, the words of CAARI's own president in an interview with Cypriot media suggest that CAARI lobbied the State Department extensively on the Cypriot renewal, including the inclusion of coins. See Cyprus News Agency, "CAARI-30 Years Interview with Gustave Feissel" available online at http://www.cna.org.cy/website/english/subject1.shtm#GF ("CAARI, according to Feissel, has been instrumental in the renewal of a Memorandum of Understanding between Cyprus and the US to restrict the import of Cypriot antiquities into the US, including for the first time ancient coins.").

Finally, following your clients recalculation of the executive review fees for Request Numbers 200600298 and 200402941, my clients will no longer contest this issue in this litigation.

Thank you for your time and consideration. Feel free to contact me at your convenience if you wish to discuss any of the matters raised above.

Sincerely,


Scott A. Hodes



United States Department of State

*Washington, D.C. 20520*

Case Nos.: 200402941, 200501372,
200502767, 200600298,
200704168, 200704596
and 200706194

Scott A. Hodes, Esq.                                      SEP 0 8 2008
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

I refer to our letter dated June 27, 2008, and your letter dated July 16, 2008,
regarding the release of additional material responsive to the FOIA requests at
issue in *ACCG et al. v. U.S. Department of State,* No. 07-CV-2074 (D.D.C.).
As discussed in our June 27 letter, we have undertaken a thorough
reexamination of our searches. This reexamination has now been completed
and has resulted in the retrieval of 39 additional responsive documents: one is
responsive to request number 200706194, and the rest to request number
200704168.

After reviewing these documents, we have determined that fourteen may be
released in full, eleven may be released with excisions and fourteen must be
withheld in full. All released material is enclosed and is marked with the case
number of the FOIA request to which it is responsive.

An enclosure provides information on Freedom of Information Act exemptions
and other grounds for withholding material. Where we have made excisions,
the applicable exemptions are marked on each document. Of the documents
withheld in full, three were withheld under exemption (b)(5) and eleven under
exemption (b)(1), with reference to section 1.4(b) of Executive Order 12958, as
amended.

After receiving permission from the Government of the Republic of Cyprus,
we have determined that the majority of document AE1 in case number
200706194 may be released. The released portions of this document consist of

- 2 -

a catalogue of coins provided by the Government of the Republic of Cyprus. An earlier draft version of this catalogue, which we had previously withheld as document E51 in this same case, also may now be declassified and released, and accordingly we enclose a new copy here.

Three of the enclosed records, emails from Theodore Rogers that we have numbered CE1 through CE3, are responsive to item 5 of your clients request dated July 25, 2007 (request number 200704168). We note that the attachments to these emails were the two letters released together as document E11 under our June 27th cover letter.

The Department has now concluded all of its searches and processing in response to all of the FOIA requests at issue in this lawsuit. Our searches, which we have undertaken voluntarily pursuant to your informal requests without regard to the action you have filed in the district court, have encompassed all of the Department's paper and electronic records systems with a reasonable likelihood of retaining responsive information. In response to the concerns cited in your July 16 letter, we note that this processing has included proper searches of the email records of Maria Kouroupas and her staff, and we have confirmed that there is no reasonable likelihood that additional responsive documents (including any involving the Cyprus American Archaeological Research Institute) would be located through additional searching.

Since billable costs of this additional processing do not exceed the cost of collecting and processing a fee payment, this additional processing has been completed without charge to you.

In light of this new information, we look forward to learning from you whether we might reach a cooperative resolution of any of the outstanding issues without resorting to litigating the complaint your clients have filed in district

- 3 -

court.  If you have any concerns about anything discussed in this letter, please contact Assistant U.S. Attorney Brian Hudak at (202) 514-7143 or brian.hudak@usdoj.gov.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

SCOTT A. HODES, ATTORNEY AT LAW
POST OFFICE BOX 42002
WASHINGTON, DC 20015
WWW.INFOPRIVACYLAW.COM

MEMBER DC AND MD BARS

(301) 404-0502

INFOPRIVACYLAW@YAHOO.COM

September 11, 2008

Mr. Brian P. Hudak
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530

Via e-mail

<u>ACCG, et. al. v. United States Dep't of State, Civ. No. 07-2074 (RJL)</u>

Dear Mr. Hudak:

This letter is in response to your client's release of September 8, 2008.  My clients have reviewed the material, and while are appreciative that your client has released more information, will continue to contest the issues raised in my previous letters to you.

There are also specific issues raised by the September 8, 2008.  Initially, the names withheld pursuant to FOIA exemption 6 (EA20, EA21, EA23, EA23A) should be released.  While home addresses of individuals commenting to the government may be withheld pursuant to exemption 6, the identities of individuals commenting to the government are not protected and need to be released.

Furthermore, your client claims that "this processing has included proper searches of the email records of Maria Kouroupas and her staff, and we have confirmed that there is no reasonable likelihood that additional responsive documents (including any involving the Cyprus American Archaeological Research Institute) would be located through additional searching."  It is not clear from your client's statement whether the FOIA Office made this decision or if Ms. Kouroupas has decided that no further searches will be conducted.  Be that as it may, my client will vigorously contest this search of Ms. Kouroupas and her staff, as it is clear from my previous statements to you that additional documents should be located.  Additionally, my clients have a good faith belief that that former Undersecretary of State Nicholas Burns was also intimately involved with the decision to ban the import of coins of Cypriot type.  No documents pertaining to Burns have been released to my clients; however a proper search of the records should uncover these, along with other responsive records pertaining to CAARI and the decision to impose import restrictions on coins of Cypriot type.

● Page 2

Thank you for your time and consideration.   Feel free to contact me at your convenience if you wish to discuss any of the matters raised above.

Sincerely,

Scott A. Hodes



**United States Department of State**

*Washington, D.C. 20520*

DEC 21 2008

Case Nos.: 200402941, 200501372,
200502767, 200600298, 200704168,
200704596 and 200706194

Scott A. Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

We write in reference to the above-cited FOIA requests made by the Ancient
Coin Collectors Guild and other organizations. We have recently identified
additional information that is releasable and have corrected a small number of
mis-markings on information that continues to merit withholding. Enclosed
please find new copies of the affected documents. Also, as is apparent from
the informal Vaughn index provided to you by our counsel, all exemption 1
withholdings are of information that fits within sections 1.4(b) and (d) of
Executive Order 12958, as amended. We have not provided fresh copies of
any documents that were marked under only 1.4(b) or (d), unless there were
other changes in the same document.

The aforementioned informal Vaughn index describes all of the withholdings
from the documents responsive to your clients' requests as of today, taking into
account these recent modifications.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.



United States Department of State

*Washington, D.C. 20520*

Case No.:  200402941, 200704168,
200704596, 200706194

MAR 1 3 2009

Scott Hodes, Esq.
1410 Aintree Drive
Rockville, MD 20850

Dear Mr. Hodes:

As you know, the Department of State recently sent several documents which originated
with the Government of the Republic of Cyprus to its embassy here in Washington. We
asked the Cypriot Government to determine if the exchanged information continued to have
such sensitivity from their point of view as to merit protection under the U.S. law governing
the classification of national security and foreign affairs information.

In light of the response from the Cypriot Government, the Department is pleased to release
twelve documents in full and seventeen in part. All released material is enclosed.

Some of the information released by the Cypriot Government was used as the basis for
information found in several committee reports and an "Action Memo for Assistant
Secretary Powell." Those reports have been re-examined in light of the newly released
material from Cyprus. Copies of these reports with newly released material are included.

An enclosure provides information on Freedom of Information Act exemptions and other
grounds for withholding material. Where we have made excisions, the applicable
exemptions are marked on each document.

If you have any questions concerning the material released with this letter, please contact
Assistant U.S. Attorney Brian Hudak at (202) 514-7143 or brian.hudak@usdoj.gov.

Sincerely,

Margaret P. Grafeld, Director
Office of Information Programs and Services

Enclosures:
    As stated.

GRAFELD DECLARATION
Civil Action No. 07-2074
Exhibit 42