# ANCIENT COIN COLLECTORS GUILD, et al.,

v.

# UNITED STATES DEPARTMENT OF STATE

Civil No. 07-2074 (RJL)

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANCIENT COIN COLLECTORS GUILD et al., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil No.   07-2074 (RJL) |
| UNITED STATES DEPARTMENT OF STATE | ) ) ) | |
| Defendant. | ) ) ) | |

### DECLARATION OF JAY I. KISLAK

1. I was appointed by President George W. Bush to serve as the Chairman of the United States Cultural Property Advisory Committee ("CPAC"). I served in that capacity from 2003 to 2008. During that period, CPAC reviewed among others applications by the People's Republic of China for new import restrictions on cultural artifacts and requests made by the Republic of Italy and the Republic of Cyprus for the extension of then current restrictions.

2. As Chairman of CPAC, I became generally familiar with the operation of U.S. law related to the imposition of import restrictions on cultural artifacts, including the Convention on Cultural Property Implementation Act ("CPIA").

3. CPAC was constituted under the CPIA to recommend an informed balance between efforts to control looting at archeological sites and the legitimate international exchange of cultural artifacts.

4. The U.S. Department of State Bureau of Educational and Cultural Affair's Cultural Heritage Center acts as CPAC's secretariat. During my tenure as Chairman of CPAC, I

1



became concerned about the secretive operations of the Cultural Heritage Center and its lack of transparency in processing requests for import restrictions made on behalf of foreign states. I believe this lack of transparency has hampered the ability of museums, private parties and others to make useful presentations to CPAC. I also believe that this lack of transparency has also hampered the ability of CPAC to provide recommendations to the executive branch about the best way to balance efforts to control looting at archeological sites against the legitimate international exchange of cultural artifacts.

5. I believe that the release of details of foreign requests for import restrictions could promote transparency and allow CPAC to be better able to make recommendations. I also believe that the release of CPAC's reports in full could also promote the same goals. I do not believe that release of this material after a decision has been made will discourage CPAC members from discussing the merits of each case. To the contrary, release of CPAC reports will allow interested parties to frame their arguments more effectively when import restrictions come up for renewal every five (5) years. In addition, release of this documentation will also promote the accountability of Cultural Heritage Center Staff to both CPAC and the public at large.

6. Release of more details about the Chinese, Italian and Cypriot requests at the time the requests were made could have encouraged better informed public comment about the requests at CPAC's public sessions. Now that decisions on the Chinese request and the Italian and Cypriot renewal have been made, I fail to see any reason why this material should be withheld from the public any longer.

7. I am told that Section 303 (g) of the CPIA requires the State Department to report to Congress any differences between CPAC's recommendations and the State Department's



ultimate decision to impose import restrictions. In this regard, the release of the most recent CPAC report related to Cyprus and its discussion about coins could clarify misleading information contained in official State Department documents.

8. I specifically recall the Cypriot request that then current import restrictions on other cultural artifacts be extended to coins was a matter of great public controversy. CPAC considered the question specifically and I recall a special vote being taken on this particular issue.

9. With that in mind, I have reviewed both an official State Department Press Release and a State Department report made pursuant to CPIA Section 303 (g) about the MOU with Cyprus. Copies of these documents have been attached to this declaration as Exhibits 1 and 2. I believe it is absolutely false to suggest in those materials that the State Department's decision to extend import restrictions to ancient coins was consistent with CPAC's recommendations. The full release of CPAC's recommendations with regard to coins could be in the public interest because it should clarify misleading information contained in official State Department documents.

10. I have read this statement and everything in it is true, accurate, and correct to the best of my knowledge. I have had the chance to make any corrections, additions, or deletions that I desire.

3 

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief. 28 U.S.C. § 1746.

Dated: April 20, 2009

Jay I. Kislak

4