# ANCIENT COIN COLLECTORS GUILD, et al.,

v.

# UNITED STATES DEPARTMENT OF STATE

Civil No. 07-2074 (RJL)

Exhibit D



UNCLASSIFIED   E2

RELEASED IN PART
B5

United States Department of State

*Bureau of Educational and Cultural Affairs*
*Washington, D.C. 20547*

*www.state.gov*

UNCLASSIFIED

May 29, 2007

## ACTION MEMO FOR ASSISTANT SECRETARY POWELL

FROM:     ECA – C. Miller Crouch

SUBJECT:   Cultural Property: Extension of MOU with Cyprus

**Recommendation**

That you make the Determinations found at **Tab B**, relating to extending the cultural property Memorandum of Understanding between the United States and Cyprus for an additional five years. Coins are included in these Determinations. EUR also supports this recommendation (**Tab D**).

Approve ✓ _____    Disapprove _____

**Background**

On July 16, 2002, the Government of the United States and the Government of Cyprus entered into a five-year Memorandum of Understanding Concerning the Imposition of Import Restrictions on Pre-Classical and Classical Archaeological Objects (MOU). The MOU was amended on August 11, 2006, to include Byzantine Period Ecclesiastical and Ritual Ethnological Materials that had been protected under separate emergency action that was about to expire (**Tab C**). The amended MOU expires on July 16, 2007, unless extended. In diplomatic notes dated July and August 2006 (**Tab D**), the Ministry of Foreign Affairs of Cyprus advised the Embassy of the United States of Cyprus' interest in extending the MOU. In a diplomatic note dated January 19, 2007, Cyprus asked that the Designated List be amended to include coins in the category of metals.

Attachments:
    Tab A – Additional Background
    Tab B – Determinations
    Tab C – MOU
    Tab D – EUR Correspondence and Diplomatic Notes
    Tab E – Report of the Cultural Property Advisory Committee

UNCLASSIFIED

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: ROBERT R STRAND
DATE/CASE ID: 09 MAY 2008   200706194

UNCLASSIFIED

UNCLASSIFIED

### Additional Background

Cyprus is concerned that its cultural heritage continues to be in jeopardy from pillage, and seeks ongoing protection of the aforementioned material within the framework of the MOU as provided under section 303 of the Convention on Cultural Property Implementation Act (the Act). Pursuant to subsection 303(e) of the Act, an agreement may be extended if it is determined that the factors which justified entering into the original agreement still pertain. As the official with delegated cultural property responsibilities, and pursuant to subsection 303(f)(1) of the Act, you proposed to extend the 2002 MOU, as amended, for an additional five years through a *Federal Register* announcement dated December 7, 2006. You sought the views and recommendations of the Committee, which met on January 25-26, 2007, to review your proposal to extend the MOU.

The Committee submitted its report to you on May 7, 2007 (copy at **Tab E**). The Committee addressed each of the four threshold statutory determinations required for entry into or extension of an agreement

B5

UNCLASSIFIED

UNCLASSIFIED

B5

UNCLASSIFIED

UNCLASSIFIED

RELEASED IN PART
B1, 1.4(B), B3, OTHER

e3.

## DETERMINATIONS TO EXTEND

## MEMORANDUM OF UNDERSTANDING BETWEEN
## THE GOVERNMENT OF THE UNITED STATES OF AMERICA
## AND
## THE GOVERNMENT OF THE REPUBLIC OF CYPRUS
## CONCERNING THE IMPOSITION OF IMPORT RESTRICTIONS
## ON
## PRE-CLASSICAL AND CLASSICAL ARCHAEOLOGICAL OBJECTS
## AND
## BYZANTINE ECCLESIASTICAL AND RITUAL ETHNOLOGICAL MATERIAL

Determinations regarding the extension of the Memorandum of Understanding between the Government of the United States of America and the Government of the Republic of Cyprus Concerning the Imposition of Import restrictions on Pre-Classical and Classical Archaeological Objects and Byzantine Ecclesiastical and Ritual Ethnological Material, as entered into on July 16, 2002 and subsequently amended ("the MOU"), all under Article 9 of the 1970 UNESCO Convention on the Means of Prohibiting and Preventing the Illicit Import, Export and Transfer of Ownership of Cultural Property, and under the terms of the Convention on Cultural Property Implementation Act (Public Law 97-446, as amended) ("the Act").

Pursuant to the authority vested in me under the Foreign Affairs Reform and Restructuring Act of 1998 and Delegation of Authority Nos. 234 (October 1, 1999); and 236-2 (May 8, 2000), and after considering the findings and recommendations of the Cultural Property Advisory Committee ("Committee"), and pursuant to the requirements of section 303 of the Act, 19 U.S.C. 2602, with respect to determinations to be made before extending an agreement with another State Party,

I hereby determine:

1) Pursuant to sections 303(e) and 303(a)(1)(A) of the Act, 19 U.S.C. 2602(e) and (a)(1)(A) –

[redacted] B1, B3

UNITED STATES DEPARTMENT OF STATE
CLASSIFIED BY DEPT. OF STATE, L. HEDGBETH, DAS, A/ISS
REVIEW AUTHORITY: FRANK TUMMINIA
CLASSIFICATION: CONFIDENTIAL REASON: 1.4(B)
DECLASSIFY AFTER: 6 MAY 2013
DATE/CASE ID: 05 MAY 2008 200706194

UNCLASSIFIED

UNCLASSIFIED

[redacted] B1, B3

**that, therefore,** the cultural patrimony of Cyprus continues to be in jeopardy from the pillage of certain archaeological material representing the heritage of Cyprus from the Pre-Classical and Classical periods;

[redacted] B1, B3

**that** the cultural patrimony of Cyprus continues to be in jeopardy from pillage of this irreplaceable Byzantine period material;

2) Pursuant to sections 303(e) and (a)(1)(B) of the Act, 19 U.S.C. 2602(e) and (a)(1)(B)–

[redacted] B1, B3

UNCLASSIFIED

UNCLASSIFIED

[redacted — B1, B3]

**that** considering these and other factors, Cyprus continues to take measures consistent with the 1970 UNESCO Convention to protect its cultural patrimony.

3) Pursuant to the requirements of section 303(e) and 303(a)(1)(C) of the Act, 19 U.S.C. 2602(e) and (a)(1)(C)--

[redacted — B1, B3]

B1, B3

that U.S. import restrictions, if applied in concert with similar restrictions implemented, or to be implemented within a reasonable period of time, by those nations having a significant import trade in such material, would be of substantial benefit in deterring a serious situation of pillage; and remedies less drastic are not available.

4) Pursuant to the requirements of section 303(e) and (a)(1)(D) of the Act, 19 U.S.C. 2602(e) and (a)(1)(D) —

B1, B3

that, therefore, the application of the import restrictions set forth in Section 307 of the Act continues to be consistent with the general interest of the international community in the interchange of cultural property among nations for scientific, cultural, and educational purposes.

UNCLASSIFIED

In accordance with the aforementioned authorities, the requisite determinations have been made for extending the Memorandum of Understanding with Cyprus to continue the imposition of import restrictions on the aforementioned categories of archaeological and ethnological material for a period not to exceed five years unless further extended in accordance with the Act. Importation of such material continues to be restricted unless accompanied by appropriate export certification issued by the Government of the Republic of Cyprus or documentation exists establishing that exportation from Cyprus occurred prior to July 16, 2002; prior to July 16, 2007 with respect to coins; or, with respect specifically to Byzantine period ethnological material, that exportation occurred prior to April 12, 1999.

Date 5/30/07

Dina H. Powell
Assistant Secretary for Educational
and Cultural Affairs
United States Department of State

UNCLASSIFIED



**United States Department of State**

*Washington, D.C. 20520*

e6.

RELEASED IN FULL

Dina,

Cypriot Ambassador Kakouris has written to me to underscore the importance of the upcoming renewal of the US-Cyprus Memorandum of Understanding on Cypriot Antiquities. The MOU has been a high point in our bilateral relations.

The Republic of Cyprus asks that we add ancient coins to the protections offered by the MOU. The ROC rightly argues that coins are an integral part of its cultural patrimony, while the EU recognizes coins as part of countries' archaeological heritage. The ROC is trying to prevent the pillaging of its coins by collectors, and has mounted an international movement to protect its coins. The ROC is trying to stop pillaging, and it would be in the interest of the international community to stop such pillaging.

Given our general support for protection of antiquities and the importance of this MOU to our bilateral relations with Cyprus, EUR strongly recommends that ECA approve the renewal of the MOU and include the protection of coins.

Sincerely,

Kurt Volker
Acting Assistant Secretary,
Bureau of European and Eurasian Affairs

UNITED STATES DEPARTMENT OF STATE
REVIEW AUTHORITY: FRANK TUMMINIA
DATE/CASE ID: 17 MAR 2009  200706194