UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, et al., )<br>)<br>Plaintiffs, )<br>)<br>v.                                                           )<br>)<br>UNITED STATES DEPARTMENT OF STATE, )<br>)<br>Defendant. )<br>) | Civil Action No. 07-2074 (RJL) |

### DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Defendant United States Department of State ("State Department," "State," "Department," or "Defendant"), by and through its undersigned counsel, respectfully submits this response to Plaintiffs' statement of material facts not in dispute. Defendant responds as follows to each statement. As an initial matter, Defendant believes that Plaintiffs' statements are immaterial to Defendant's MSJ[1] and its disputes with Plaintiffs' articulated material should not prevent the Court from entering summary judgment in its favor.

1. Admit.

2. Admit.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. Admit.

---

[1] Defined terms used herein are intended to have the same meaning as those used in Defendant's Reply and Opening Brief.

8. Dispute. As noted in Defendant's reply, the matters at issue in this case appear to be of interest to Plaintiffs for use in a contemplated lawsuit against the State Department. *See* Release, "Coin Collectors to Challenge State Department on Import Restrictions" (posted "05/11/2009," www.accg.us) (Last Checked May 18, 2009), Reply Ex. 1; Coinlink, "Coin Collectors to Challenge State Department on Import Restrictions," http://www.coinlink.com/ (Last Checked May 18, 2009), Reply Ex. 2.

9. Dispute. The release of the documents at issue in this case could reasonably chill CPAC deliberations and the United States's foreign relations with the involved foreign countries. *See* Grafeld Decl. at 27-78, MSJ Ex. A.

10. Dispute. *See* X-Mot. Ex. C; Grafeld Decl. at 17-18, MSJ Ex. A. Further, this statement is wholly immaterial to Defendant's MSJ.

11. Admit. Further, this statement is wholly immaterial to Defendant's MSJ.

12. Admit that the Department searched for records regarding such ceremony and as a result located records concerning and regarding that ceremony.

13. Admit that the cited PDF speaks for itself, but deny that any connection exists as indicated in this statement. Indeed, the cited PDF fails to support any such connection. *See* cited PDF. Further, this statement is wholly immaterial to Defendant's MSJ.

14. Admit that the cited PDF speaks for itself. *See* cited PDF. Further, this statement is wholly immaterial to Defendant's MSJ.

15. Admit that the cited article speaks for itself. *See* cited article. Further, this statement is wholly immaterial to Defendant's MSJ.

- 3 -

16. Dispute, as the cited website does not support the entirety of the statements made in this paragraph and speaks for itself. Further, this statement is wholly immaterial to Defendant's MSJ.

Dated: May 19, 2009
       Washington, DC

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

    /s/
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

    /s/
BRIAN P. HUDAK
Assistant United States Attorney
555 4th Street, NW
Washington, DC 20530
(202) 514-7143

*Attorneys for Defendant*