## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, *et al.*, | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No.  07-2074 (RJL) |
| | ) |
| U.S. DEPARTMENT OF STATE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION
(November 20, 2009) [#16; #19]

The plaintiffs, Ancient Coin Collectors Guild, International Association of Professional Numismatists, and Professional Numismatists Guild, Inc., filed this suit against the U.S. Department of State (the "Government" or "State Department") in relation to a Freedom of Information Act ("FOIA") request.  The State Department has filed a Motion for Summary Judgment, asserting that its search was adequate and that the information in question was properly withheld under relevant FOIA exemptions.  For the following reasons, this Court agrees and GRANTS the State Department's summary judgment motion and DENIES the plaintiffs' cross-motion for summary judgment.

## BACKGROUND

The plaintiffs made eight FOIA requests between July 30, 2004, and October 11, 2007, (*see* Compl. [Dkt. #1] ¶¶ 22–58), seven of which remain at issue in this case.[1]  They

[1] On May 22, 2008, the plaintiffs informed the State Department it no longer contested the Government's use of exemption (b)(6).  (Def.'s Mot. Ex. C [Dkt. #16-5] at 2.)  The Complaint describes the following requests relevant to this litigation:

seek information from a component of the State Department—the Bureau of Educational and Cultural Affairs ("the Bureau")— relating to import restrictions on ancient coins from Cyprus, Italy, and China, (*id.* ¶ 15). The Cultural Property Advisory Committee (the "advisory committee"), advises the Bureau on the Convention on Cultural Property Implementation Act, 19 U.S.C. § 2601. (Def.'s Mem. in Support of Mot. for Summ. J. [Dkt. #16] ("Def.'s Mot.") at 2.)

In response to the plaintiffs' FOIA requests, the Government conducted multiple comprehensive searches, (Decl. of Margaret P. Grafeld, Ex. A [Dkt. #16-2] ("Grafeld Decl.") at 14–26), which resulted in 128 responsive documents. (Supp. Grafeld Decl. [Dkt. #18-2] ¶2.) The Government released most of the information—seventy documents in full and thirty-nine documents in part—and withheld nineteen documents in full. (*Id.*) On November 15, 2007, the plaintiffs filed suit in this Court to compel the Government to produce the withheld information.

---

Count I: four reports from the advisory committee
Count II: a copy of the Chinese Request for import restrictions
Count III: communications concerning China's request and "documents evidencing the inclusion of coins on the list of" proposed restricted items
Count IV: documents evidencing the potential inclusion of coins on the list of items subject to import restrictions with Italy
Count VII: a cultural property report and documents evidencing any dissents that led to extending import restrictions relating to Cyprus
Count VIII: a copy of any request made by Cyprus for import restrictions
Count IX: nine specific requests for communication and information relating to certain import restrictions from Cyprus.

(*See* Compl. ¶¶ 22–58.)

## ANALYSIS

The Court reviews summary judgment motions under FOIA de novo, requiring the Court to determine whether the agency has conducted an adequate search and whether the documents requested are exempt from disclosure under FOIA. *See Judicial Watch, Inc. v. U.S. Dep't of State*, No. 08-1011, 2009 WL 2842881, *2 (D.D.C. Sept. 3, 2009. A court "draw[s] all justifiable inferences in the non-movant's favor," *id.* (internal quotation omitted), and grants summary judgment in favor of the government when "'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law,'" *id.* (quoting Fed. R. Civ. P. 56(c)). For the following reasons, the Court grants summary judgment in favor of the Government because it conducted an adequate search and it properly withheld documents under the appropriate FOIA exemptions.

## 1.    The Government Conducted an Adequate Search.

An agency must demonstrate its search in response to a FOIA request was "'reasonably calculated to uncover all relevant documents.'" *Amuso v. U.S. Dep't of Justice*, 600 F. Supp. 2d 78, 87 (D.D.C. 2009) (quoting *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (additional internal quotation omitted)). The agency may meet this burden by submitting affidavits or declarations, and "[i]n the absence of contrary evidence," affidavits and declarations are "sufficient to demonstrate an agency's compliance with FOIA." *Id.* Based on the Declaration of Margaret P.

Grafeld,[2] which details extensively the databases searched, the staff that conducted the

searches, and the search terms used, this Court finds the Government conducted a search

reasonably calculated to uncover all relevant documents. (*See* Grafeld Decl. at 14–26.)[3]

## 2.    The Government Properly Withheld Information.

In withholding information, the Government has invoked numerous FOIA

exemptions, and the plaintiffs argue the Government improperly invoked each one.[4]  I

disagree.  The Government withheld information provided by foreign government

---

[2]Margaret P. Grafeld is the Information and Privacy Coordinator and the Director of the State Department's Office of Information Programs and Services.  (Grafeld Decl. at 1.)

[3]The plaintiffs raise many arguments challenging the adequacy of the Government's search, yet these arguments are all without merit.  While the plaintiffs allege the Government failed to search properly the computer of Maria Kouroupas, the Executive Director of the advisory committee, (Pl.s' Mem. in Support of Cross-Mot. for Summ. J. and Opp'n to Def.'s Mot. for Summ. J. [Dkt. #19-2] ("Pl.s' Cross-Mot.") at 6), the Grafeld Declaration explained that the Bureau's staff and executive director searched the emails and archived emails and also explained how the search was performed, (Grafeld Decl. at 17–18).  The plaintiffs also allege the search it conducted was inadequate because the Government did not disclose the search terms it used in a specific search for responsive diplomatic notes.  (Pl.s' Cross-Mot. at 7.)  However, the Government's mere failure to detail the search terms used to obtain the specific responsive documents, without more, does not render this search inadequate.  *See Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115, 120 (D.D.C. 2005) (suggesting that non-disclosure of search terms alone may not be enough to invalidate an otherwise adequate affidavit).  The Grafeld Declaration specifically states that these searches "were performed by individuals employed within those organizations who are familiar" with the information the plaintiffs sought and that responsive documents were obtained.  (Grafeld Decl. at 20.)  For these reasons, the plaintiffs' complaints about the Government's search are without merit.  *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) ("[I]n the absence of countervailing evidence or apparent inconsistency of proof, affidavits that explain in reasonable detail the scope and method of the search conducted by the agency will suffice to demonstrate compliance with the obligations imposed by the FOIA.").

[4]Unless specifically noted, the plaintiffs do not allege that the Government is withholding information without invoking a FOIA exemption.  The plaintiffs challenge only whether the withheld information falls within the exemptions claimed.  Thus, this opinion is organized on the basis of the exemptions claimed, rather than the information withheld.

officials with an express understanding that the United States was to hold the information in confidence. This information was properly withheld under FOIA exemption (b)(1), which authorizes the withholding of matters classified by an Executive Order. 5 U.S.C. § 522(b)(1). Executive Order 12,958 provide that information is "Confidential" if its release "reasonably could be expected to cause damage," Exec. Order No. 12,958, 60 FR 19825 (1995), sec. 1.2(a)(4), "to the national defense or foreign relations of the United States," *id.* sec. 1.1(l).

As the Grafeld Declaration explains, the information in question was exchanged between the United States and other nations on the condition of confidentiality, and its disclosure would damage foreign policy by harming the United States's ability to conduct successful negotiations. (Grafeld Decl. at 29).[5] The State Department thus properly withheld the information under exemption (b)(1). *See Krikorian v Dep't of State*, 984 F.2d 461, 465 (D.C. Cir. 1993) (finding the government properly withheld information communicated to the U.S. government on a confidential basis that would jeopardize

---

[5]The plaintiffs assert the information was not provided on a condition of confidentiality, noting that the information was exchanged as part of an effort to seek a "concerted international response" to looting. (Pl.s' Cross-Mot. at 9 (quoting Article 9 of the 1970 UNESCO Convention).) However, merely because the United States is working with other countries to address common problems does not foreclose that their cooperation was premised on non-disclosure of the information to the public. Furthermore, contrary to the plaintiffs' argument, the information does not lose its confidential classification merely because the State Department released a general, unclassified summary of it. *See Public Citizen v. Dep't of State*, 11 F.3d 198, 201 (D.C. Cir. 1993) ("The law of this circuit provides that an agency official does not waive FOIA exemption 1 by publically discussing the general subject matter of documents which are otherwise properly exempt from disclosure under that exemption.").

"reciprocal confidentiality"); *Public Citizen v. Dep't of State*, 276 F.3d 634, 644–45 (D.C. Cir. 2002).[6]

The Government also withheld information about closed advisory committee proceedings and information communicated to and from the committee in confidence, invoking exemption (b)(3). (Def.'s Mot. at 7.) This exemption provides that FOIA does not apply to matters that are (1) "specifically exempted from disclosure by statute" if the statute either (A) requires withholding or (B) establishes the criteria for withholding. 5 U.S.C. § 552(b)(3); *see also Judicial Watch, Inc.*, 2009 WL 2842881 at *2. For the following reasons, the Court determines, in this matter of first impression, that the provisions of the Cultural Property Implementation Act as discussed below is a disclosure-prohibiting statute in this case.

The Convention on Cultural Property Implementing Act establishes that information discussed in closed meetings of the Cultural Property Advisory Committee shall not be disclosed under the Federal Advisory Committee Act, which makes FOIA's standards applicable to advisory committees. *See Washington Research Project, Inc. v. Dept't of Health, Education and Welfare*, 504 F.2d 238, 248 n.15 (D.C. Cir. 1974) (noting

---

[6]The Government also withheld internal file numbers under FOIA exemption (b)(2), (Grafeld Decl. at 32), which allows for withholding of matters "related solely to the internal personnel rules and practices of an agency," 5 U.S.C. § 552(b)(2). As the Grafeld Declaration explains, contrary to the plaintiffs' argument, the withheld information consists of internal file numbers, (Grafeld Decl. at 32), which are properly withheld under exemption (b)(2), *Williams v. Drug Enforcement Administration*, No. 85-6154, 851 F.2d 1502, *1 (Table) (D.C. Cir. May 18, 1988) (finding the government properly withheld codes from internal classification practices under exemption (b)(2)).

that the Federal Advisory Committee Act "makes the FOIA standards applicable to

advisory committees' reports" in limited circumstances); *see also Forsham v. Califano*,

587 F.2d 1128, 1135–36 (D.D.C. 1978) (noting that agencies, not advisory committees,

are subject to FOIA).  The provision, 19 U.S.C. § 2605(h), states that the Federal

Advisory Committee Act, (*see* Def.'s Mot. Ex. D [Dkt. #16-6] FACA § 10(b)), applies to

the Cultural Property Advisory Committee, "except that the requirements of . . . [a

specific provision of the Federal Advisory Committee Act] relating to open meetings,

public notice, public participation, and public availability of documents . . . shall not

apply to the [c]ommittee" *if* "the President or his designee" determines that disclosure

"would compromise the Government's negotiating objectives or bargaining positions on

the negotiations of any agreement authorized by this chapter."[7]  Thus, although 19 U.S.C.

§ 2605(h) does not explicitly mention FOIA, it nevertheless specifically exempts a

provision of the Federal Advisory Committee Act that makes FOIA's provisions

---

[7] In full, this provision of the Convention on Cultural Property states:

> (h) Federal Advisory Committee Act
>
> The provisions of the Federal Advisory Committee Act (Public Law 92-463; 5 U.S.C.A. Appendix I) shall apply to the Committee except that the requirements of subsections (a) and (b) of section 10 and section 11 of such Act (relating to open meetings, public notice, public participation, and public availability of documents) shall not apply to the Committee, whenever and to the extent it is determined by the President or his designee that the disclosure of matters involved in the Committee's proceedings would compromise the Government's negotiating objectives or bargaining positions on the negotiations of any agreement authorized by this chapter.

19 U.S.C. § 2605(h).

applicable to the advisory committee. Thus, 19 U.S.C. § 2605(h) is a disclosure-prohibiting statute. As such, the information is properly withheld if it falls within the statute's established criteria for withholding. *See* 5 U.S.C. § 552(b)(3).

Specifically, information is to be withheld if the President or his designee determines that disclosure would compromise the government's negotiating objectives or bargaining positions. 19 U.S.C. § 2605(h). The President's designee here is the Bureau's Assistant Secretary, and the State Department has determined that disclosure of the information here "would compromise the U.S. Government's negotiation objectives and/or bargaining position on the negotiation of agreements." (*See* Grafeld Decl. 35–36.) The Grafeld Declaration notes that the information must be withheld "so as not to interfere with the multi-step decision-making process and the ability to work with the foreign government requester in the possible negotiation of a bilateral agreement, if such course is warranted." (*Id*. at 35.) Thus the information is properly exempted from withholding under exemption (b)(3). *See Judicial Watch, Inc.*, 2009 WL 2842881 at *2.

Additionally, the Cultural Property Implementation Act also prohibits disclosure of information submitted in confidence to the advisory committee. 19 U.S.C. §§ 2605(i)(1)–(2). Section 1 of this provision establishes that information "submitted in confidence by the private sector" to the Government or the advisory committee "shall not be disclosed" (except to specified individuals not at issue in this case), and Section 2 establishes that information "submitted in confidence" by the Government or the

8

committee "shall not be disclosed."[8]   As these provisions establish information "shall not be disclosed," they are disclosure-prohibiting statutes. *See Watson v. Dep't of Justice*, 799 F.Supp. 193, 194 (D.D.C. 1992).  Thus, as long as the information is "submitted in confidence" either to or from the Government or the advisory committee, the information must be withheld pursuant to the statute and exemption (b)(3).

The State Department further points out that, contrary to the plaintiffs' assertion, the information in question here—certain emails sent by members of the private sector in connection with the Act and certain materials from the Bureau submitted to the committee—was provided in confidence.  (Grafeld Decl. at 38, 54, 60, 72.)  Specifically, the Grafeld Declaration states that the information was provided in confidence to either the State Department staff or to the advisory committee, often by archaeologists, curators, collectors, dealers, and auction house specialists, with the expectation of confidence. (*Id.*)  Such confidence was necessary in order for individuals to disclose information about the quantity, quality, and objects of looting.  (*Id.*).  The Government thus properly withheld the information under exemption (b)(3). *See* 19 U.S.C. §§ 2605(i)(1)–(2).

The Government also withheld information and reports regarding advisory committee discussions because the information fell within exemption (b)(5), which

---

[8]Section 2 provides that information may be disclosed in accordance with rules issued by the Director of the United States Information Agency after consultation with the Committee.  19 U.S.C. § 2605(i)(2).  However, as no rules have been issued here, the exception is not applicable.

9

includes the deliberative process privilege.  5 U.S.C. § 552(b)(5).[9]  To withhold a

responsive document under the deliberative process privilege, the agency must

demonstrate that it is "both predecisional and deliberative."  *Mapother v. Dep't of Justice*,

3 F.3d 1533, 1537 (D.C. Cir. 1993).  Because the advisory committee provided non-

binding, pre-decisional, deliberative recommendations to the State Department to use in

determining import restrictions, (Grafeld Decl. at 47–56),[10] the information is properly

being withheld under exemption (b)(5).

    The Government also withheld portions of two documents under exemption

(b)(7)(C), which exempts information complied for law enforcement purposes that "could

reasonably be expected to constitute an unwarranted invasion of personal privacy."  5

---

[9]Additionally, under this exemption, the Government properly withheld information on the basis that it constitutes attorney-client privilege.  Specifically, the Government properly withheld an email from employees of the Bureau to an employee in the State Department's Office of Legal Adviser seeking legal approval of a draft document and portions of an action memorandum containing summaries of legal advice by the Office. (*See* Grafeld Decl. at 63–64, 70–71); *see also VoteHemp, Inc. v. Drug Enforcement Admin.*, 567 F. Supp. 2d 1, 22–23 (D.D.C. 2004).

[10]The plaintiffs also assert this material cannot be withheld because the chair of the cultural property committee at the time has determined many of these decisions were made, stated that the release of the information here would result in the committee making better recommendations. (Pl.s' Cross-Mot. at 20–21.)  However, the individual chair's personal opinion does not alter the State Department's proper invocation of exemption (b)(5).

    Additionally, as the Grafeld Declaration explains, although "at first blush" some material may appear factual and thus not properly withheld, the State Department has withheld factual information "where its very inclusion in the report represents the deliberative distillation of the information provided to the committee in to a selection of facts that compose the reasoning of the committee in reaching its recommendation." (*See* Grafeld Decl. 41–42.)  Thus, withholding was proper. *See Washington Research Project, Inc. v. Dep't of Health, Education, and Welfare*, 504 F.2d 238, 250–51 (D.C. Cir. 1974) (noting that facts could be withheld because "the judgmental element arises through the necessity to select and emphasize certain facts at the expense of others").

U.S.C. § 552(b)(7)(C). Specifically, the State Department withheld names, email

addresses, and telephone and fax numbers of low-level employees included in a chain of

emails created as part of law enforcement efforts to implement and enforce cultural

property restrictions.[11] (Def.'s Mot. at 9.) Given the individuals' strong privacy interest

in their identifying information and the weak public interest in identifying information of

low-level employees, the Court concludes that the State Department properly withheld the

identifying information. *See Lesar v. U.S. Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir.

1980); (*see also* Grafeld Decl. 42–44).

## CONCLUSION

For all of the above reasons the State Department has established that it conducted

a reasonable search, that it properly withheld the disputed information under FOIA

exemptions, and that it complied with its obligation to segregate the exempted material

---

[11]On a similar note, the Government also withheld names and identifying personal information of State Department employees, Customs and Border Patrol employees, and private individuals who provided information to the committee in their personal capacity. The Government invokes exemption (b)(6), which allows for withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(6). The Grafeld Declaration indicates the State Department balanced the public interest in disclosure of the identifying personal information with the extent of the invasion of privacy, and determined that, in light of instances of career State Department employees being "denounced in harsh personal accusations in public fora," the privacy interest clearly outweighs the public interest in disclosure. (Grafeld Decl. at 43–44.) This Court finds the Government properly withheld such information under exemption (b)(6). *See Judicial Watch, Inc. v. Food and Drug Admin.*, 449 F.3d 141, 152–53 (D.C. Cir. 2006) (balancing the interests and determining the government properly withheld names and addresses under exemption (b)(6)).

from non-exempted material.[12]  The Court will therefore GRANT the Government's

Motion for Summary Judgment and DENY the plaintiffs' Cross-Motion for Summary

Judgment.  An Order consistent with this decision is attached.

RICHARD J. LEON
United States District Judge

---

[12]Plaintiffs allege the Government failed to comply with its obligation to segregate and disclose
all non-exempt material, unless the material is "inextricably intertwined with exempt portions."
*Judicial Watch, Inc.*, 2009 WL 2842881 at *3 (internal quotation omitted).  However, the Grafeld
Declaration establishes that "[a]ll of the documents addressed herein have been carefully
reviewed for reasonable segregation of non-exempt information, and [Grafeld] ha[s] determined
that no segregation of meaningful information in the withheld documents can be made without
disclosing information warranting protection under the law." (Grafeld Decl. at 79.)  There is thus
no basis for the plaintiffs' claim that the Government failed to comply with its segregability
obligations.