UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF STATE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-2074 (RJL) |

**PLAINTIFFS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR SUMMARY JUDGMENT**

Ignoring the President's call for openness and transparency, Defendant, the United States Department of State ("State") continues to block the release of certain documents pursuant to FOIA requests made by Plaintiffs, the Ancient Coin Collectors Guild, International Association of Professional Numismatists, and the Professional Numismatists Guild, ("Plaintiffs.")  As will be demonstrated below, State continues to withhold information received from a third party even though it has failed to establish that the material was received with an expectation that it would remain confidential.  As such, State's renewed motion for summary judgment should be denied and the records released to Plaintiffs.

**PROCEDURAL HISTORY**

This case returns to this Court on remand from the United States Court of Appeals for the District of Columbia Circuit.  There are now two issues before the Court; 1) Whether records withheld pursuant to 19 U.S.C. § 2605(i)(1) were provided to the government in confidence by the late Danielle Parks; and 2) The adequacy of State's search for records in light of its

neglecting to previously address its failure to search email archives and any backup tapes. *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 512, 514-15 (D.C. Cir. 2011).

State has filed its renewed motion for summary judgment on these two issues. Each of the two issues will be addressed below.

### 19 U.S.C. § 2605(i)(1)

State has again failed to establish that the records provided to it by the late Danielle Parks were done so in confidence by Ms. Parks. Defendant contends that information contained on portions of six emails that were submitted by the late Danielle Parks to the State Department were done so in confidence by Ms. Parks and therefore, this material is protected from disclosure pursuant to FOIA Exemption 3 by invoking 19 U.S.C. § 2605(i)(1) ("subsection (i)(1)"). Defendant's Renewed Motion for Summary Judgment (Def. Renewed Mot. at 6-9). State's justification however fails to meet its burden to justify withholding this material.

On appeal, it was determined that the test for a finding of confidentiality under subsection (i)(1) is that established in *U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993) and that State's previous submissions did not establish that this material was provided in confidence by Dr. Parks. *ACCG* at 511-512. Further, even though the Court found that there were "hints" of confidentiality on the face of the emails, it stated that "it's not immediately clear whether the hints support an inference that Parks as well as Cohen expected their exchange to remain confidential." *Id*. at 512.

In its renewed motion for summary judgment, State presents the Third Declaration of Margaret Grafeld ("Third Grafeld Decl.") in its attempts to justify its withholdings. Ms. Grafeld describes statement allegedly made by another State Department employee, Dr. Andrew Cohen

2

concerning conversations Cohen allegedly had with the late Dr. Parks.  *See* Third Grafeld Decl. at ¶¶ 6-10.  Specifically, Grafeld says "as now confirmed by IPS staff, Dr. Parks and Dr. Cohen had telephone conversations wherein Dr. Parks requested and Dr. Cohen confirmed that any information she provided would be held in strict confidence."  *Id*. ¶6.  She further states "[i]n response to IPS' requests, Dr. Cohen confirmed that, when communicating with Dr. Parks on January 18, 2007, he began the conversation by stating 'that the information and name of the person interviewed will be made available to the [Cultural Property Advisory] Committee unless you request confidentiality.'  According to Dr. Cohen, Dr. Parks replied that she requested confidentiality."  *Id*. ¶7.  State offers absolutely no documentation to backup Dr. Cohen's alleged statements of this conversation that occurred nearly five (5) years ago.[1]

Grafeld's declaration merely discusses the conclusory statements of Cohen concerning conversations he supposedly had with Dr. Parks.  Tellingly, State does not provide a declaration sworn on penalty of perjury by Dr. Cohen, even though Cohen still appears to be an employee of the State Department.

Ms. Grafeld's statements on this matter are hearsay.  Fed. R. Evid. 801(c) ("Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.)  Additionally, Ms. Grafeld's hearsay testimony on the Cohen-Parks conversations is not admissible in this proceeding as none of the exceptions that would allow for it to be admitted apply.  Fed. R. Evid. 802-803.  Further, pursuant to the Federal Rules of Civil Procedure, a declaration "must be made on personnel knowledge, set out facts that would be admissible in evidence, and show that the affiant is

---

[1] Further if any notes existed they would have been responsive to the underlying FOIA request and would have been required to either be produced or withheld by exemption at the time this case was initially briefed in 2009.

3

competent to testify on the matter stated." Fed. R. Civ. P. 56(e)(1). The Grafeld Declaration does not do this on the issue of whether or not Parks provided the material to the government in confidence. As such, the Grafeld Declaration cannot be used as evidence on the issue of the Cohen-Parks conversations.

State will, no doubt, argue that Grafeld is qualified to be the declarant in this case. Plaintiffs concede that for the purposes of explaining the processing of the FOIA requests at issue, Ms. Grafeld is the proper declarant. *See Schrecker v. DOJ,* 217 F. Supp. 2d 29, 35 (D.D.C. 2002). However, Ms. Grafeld's statements on the Cohen-Parks conversations do not concern anything having to do with the processing of the FOIA request. In fact, as her declaration states, Ms. Grafeld never even discussed this issue directly with Dr. Cohen. Third Grafeld Decl. ¶7 ("IPS contacted Dr. Cohen"). The statements in the declaration concern the underlying records and how they came to the agency, before a FOIA request was even made. As such, Grafeld is not attesting to a matter in which she was responsible for and is not the proper party to make the declaration on this subject. Cohen would be the proper party to attest to this, and Grafeld's declaration on this matter, as discussed above, is inadmissible hearsay. As such, her statements should be accorded no weight.

Further, even if Cohen provides a declaration under penalty of perjury, his statements would not establish that Parks provided the information under an expectation of confidentiality. Cohen's statements are conclusory in that he provides no details to his belief that Parks wanted this material to be kept from the public. Supposedly, according to Cohen via Grafeld, she requested confidentiality from having the information provided to the Cultural Property Advisory Committee ("CPAC"). *Id.* Ironically, it was for the Committee's work that Cohen was seeking the information. *Id.* ¶9. Thus, it is not clear who Parks allegedly intended the

4

material to be kept away from.  Further, as no further details are provided behind the statement that the information was to be kept confidential it is just conclusory.  Conclusory statements are not sufficient to justify FOIA withholdings.  *See Hayden v. National Security Agency*, 608 F.2d 1381, 1387 (D.C. Cir. 1979); *Hall v. CIA*, 668 F. Supp. 2d 172, 186 (D.D.C. 2009).  In fact, the documents themselves clearly indicate that it was Cohen who wanted the material to be kept confidential.  *See* Exhibit A to Third Grafeld Decl.

Finally, State claims that because this material was used in a closed CPAC meeting that somehow this indicates that Parks wished the material to be kept confidential.  Def. Renewed Mot. at 9.  This proves no such thing.  Parks, as a private individual residing in a foreign country, would have no idea how the information she provided the United States government would subsequently be used by the government during the CPAC process.  And as discussed above, Cohen seems to believe Parks wanted it kept confidential from the Committee itself.  Thus, State's statements contradict themselves.  In any case, how the government ultimately used this material has no bearing on the purported desire of the late Dr. Parks for confidentiality.

The State Department has again failed to establish that the late Dr. Danielle Parks provided information contained on six emails with the expectation that it be held in confidence by the government under the requirements of *U.S. Dep't of Justice v. Landano*, 508 U.S. 165 (1993). Therefore, this material is not protected pursuant to FOIA Exemption 3 and as such should be released to Plaintiffs.

## Adequacy of Search

The second issue in State's Renewed Motion for Summary Judgment is its explanation as to why it cannot search backup or archival tapes for responsive e-mail material.  State considers email archival information and backup tapes separate.  *See* Third Grafeld Decl. ¶¶11-26.  On

5

remand, State was required to describe the adequacy of its search for records in light of its failure to address its failure to search email archives and any backup tapes. *See Ancient Coin Collectors Guild v. U.S. Dep't of State*, 641 F.3d 504, 514-15 (D.C. Cir. 2011).

State addresses its email archives separately from its electronic backup tapes. Basically, according to State it has no electronic archived e-mails other than that provided in the Microsoft Personal Storage Files. *Id*. ¶¶12,21. And these archived e-mails were searched as part of State's initial search for responsive records, which the State FOIA Office outsourced to two employees of the Bureau of Educational and Cultural Affairs. ¶15. Thus, the State FOIA Office conducted no search of any archived emails for responsive records.

State also states that its backup systems for the time frames of the FOIA request are useless for the purpose of retrieval for FOIA purposes. Id. ¶¶23-26. Of course, this leads to the question of what value this taxpayer funded activity had in any case if these backup tapes, as Grafeld attests to had no working value at all. However, as the Court of Appeals has previously approved of all of State's search methods except for these two areas, see Ancient Coin Collectors Guild, 641 F.3d at 514-515, Plaintiffs, unfortunately, have no basis to argue the adequacy of State's search. By both delay and allowing those whose records are sought to conduct the search, State has artfully performed its FOIA search in such a way that Plaintiffs cannot gain access to these records, even if they existed at the time of the request. Thus, by the descriptions provided of State's archival email and backup systems in effect at the time the searches were

conducted and the fact that these records would not exist today, Plaintiffs do not further contest the adequacy of Defendant's search.

Dated:  November 14, 2011                              Respectfully Submitted,

                                                                            _____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C.  20015
301-404-0502
413-641-2833 (fax)

Attorney for Plaintiffs