UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF STATE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-2074 (RJL) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS RENEWED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7.1(h), Plaintiffs, the International Association of Professional Numismatists ("IAPN"), the Professional Numismatists Guild ("PNG"), and the Ancient Coin Collectors Guild ("ACCG"), by and through their undersigned counsel, respectfully respond to Defendant's statement of material facts as to which there exist no genuine issue:

1. Plaintiffs admit that this case was remanded to this Court by the Court of Appeals for the District of Columbia Circuit for findings on two specific issues. These two issues are; 1) Whether records withheld pursuant to 19 U.S.C. § 2605(i)(1) were provided to the government in confidence by the late Danielle Parks; and 2) The adequacy of State's search for records in light of its failure to address its failure to search email archives and any backup tapes. *See ACCG v. U.S. Dep't of State*, 641 F.3d 504, 512, 514-515 (D.C. Cir. 2011).

2. Admit.

3. Admit.

4. Plaintiffs admit that none of their original seven FOIA requests at issue in this lawsuit specifically sought searches of archival or disaster back-up systems in its request for responsive e-mail.

5. Plaintiffs admit that the first time that they contended that State should search archival or back-up e-mail systems was in their cross-motion for summary judgment filed on April 24, 2009 as this was the first instance in which Plaintiffs had the opportunity to respond to the Defendant's explanation of its search for records.  Plaintiffs deny that they never sought a search of "disaster recovery systems."

6. Admit.

7. Admit.

8. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

9. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

10. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

11. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

12. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

13. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

14. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

15. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

16. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

17. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

18. This paragraph characterizes internal actions of Defendant and as such Plaintiffs are without the knowledge to admit or deny.

19. Plaintiffs deny as the citation from the declaration provided by Margret Grafeld is a statement of opinion not fact.

Dated:  November 14, 2011			Respectfully Submitted,

_____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C.  20015
301-404-0502
413-641-2833 (fax)

Attorney for Plaintiffs