UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANCIENT COIN COLLECTORS GUILD, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-2074 (RJL) |
| ) | |
| UNITED STATES DEPARTMENT OF STATE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF
## ITS RENEWED MOTION FOR SUMMARY JUDGMENT

Defendant United States Department of State ("State Department," "State," "Department," or "Defendant"), by and through its undersigned counsel, respectfully submits this Reply in Further Support of its Renewed Motion for Summary Judgment. For the reasons described below, and those set forth in Defendant's Memorandum in Support of its Renewed Motion ("Opening Brief"), the Court should grant State summary judgment on the remaining issues in this case pursuant to Rule 56(b).[1]

## PRELIMINARY STATEMENT

Through their Opposition, the Guilds abandoned any claim regarding the adequacy of State's search efforts,[2] and thus, the sole remaining issue before the Court in this FOIA action is State's invocation of CPIA Section 2605(i)(1), 19 U.S.C. § 2605(i)(1), to withhold from release

---

[1]     Defined terms used herein are intended to have the same meanings as those used in State's Opening Brief.

[2]     State strongly disagrees with the Guilds' unfounded speculation regarding State's motivations for, and baseless commentary on the diligence of, State's search efforts. Nonetheless, as the Guilds have conceded all claims regarding the adequacy of State's searches, State does not further burden the record on this topic herein. *See Kone v. District of Columbia*, --- F. Supp. 2d ---, 2011 WL 3841072, *2 (D.D.C. Aug. 30, 2011) (Leon, J.) ("An argument in a dispositive motion that the opponent fails to address in an opposition may be deemed conceded.") (internal quotation and correction marks omitted).

under FOIA Exemption 3(B) portions of six emails.  As described in State's Opening Brief, the withholdings in these six emails contain information provided in confidence by a private person (the late Dr. Danielle Parks) to a Senior Analyst in State's Bureau of Educational and Cultural Affairs (Dr. Andrew Cohen).  Consequently, State has withheld this information under CPIA Section 2605(i)(1), which the D.C. Circuit determined to be an Exemption 3(B) withholding statute.

Through their Opposition, the Guilds offer two misguided arguments in contending that State has inadequately supported its withholdings, namely (i) the Third Declaration of Margaret Grafeld is insufficient to support State's withholdings on summary judgment because it is based on hearsay, and (ii) even were the Third Grafeld Declaration appropriate, it is too conclusory to support State's withholdings.  Neither of these arguments has merit.

As to the former, the Guilds plainly confuse the Rules in arguing that hearsay somehow renders the Third Grafeld Declaration inappropriate to be considered on summary judgment.  The Rules, and controlling authorities interpreting them, allow the consideration of evidence in an inadmissible *form* on summary judgment if the *substance* of that evidence can be converted into admissible evidence.  Indeed, FOIA cases are routinely decided based upon a single agency-declarant's description of the admissible evidence establishing an entitlement to summary judgment.  Here, there is no contention that Dr. Cohen's statements would be inadmissible, and thus, the Court is permitted to consider the Third Grafeld Declaration in support of the Government's Renewed Motion.

As to the latter, the Third Grafeld Declaration describes in reasonable detail the reasons why State believes that the information provided by Dr. Parks to ECA was submitted in confidence.  These reasons include: (i) Dr. Cohen's best recollection of his conversations with

Dr. Parks, (ii) the text of the emails themselves, and (iii) the context in which Dr. Parks sent her emails.   The Guilds' arguments to the contrary are refuted by this record and otherwise fail to articulate any specific defects that would prevent summary judgment in this case.   Accordingly, the Court should grant State's Renewed Motion.

## ARGUMENT

### I.      Grafeld Is An Appropriate Declarant In This FOIA Action, and Her Third Declaration May Be Considered by the Court on Summary Judgment.

The Guilds are incorrect in contending that the Third Grafeld Declaration is insufficient to substantiate State's CPIA Section 2605(i)(1) withholdings due to hearsay.  As the D.C. Circuit has held, parties are "not required to produce evidence in a form that would be admissible at trial," rather a party may rely upon information that is "capable of being converted into admissible evidence." *Gleklen v. Democratic Congressional Campaign Comm., Inc.*, 199 F.3d 1365, 1369 (D.C. Cir. 2000); *see also* Fed. R. Civ. P. 56(c)(2) (Dec. 1, 2010) ("A party may object that the material cited to support or dispute a fact *cannot be presented in a form* that would be admissible in evidence.") (emphasis added).

As such, this Court routinely considers evidence that is "hearsay in its present form" in deciding summary judgment motions when that evidence may be converted into admissible evidence at trial. *Ali v. D.C. Gov't*, --- F. Supp. 2d ---, 2011 WL 4063234, *5 (D.D.C. Aug. 31, 2011) (Kennedy, J.) (considering transcription of audio recording on summary judgment because the non-movant offered "no basis for the Court to conclude that the audio tape itself would not be admissible at trial"); *see also Byrd v. District of Columbia*, --- F. Supp. 2d ---, 2011 WL 3583243, *20 (D.D.C. Aug. 16, 2011)  (Lamberth, C.J.) (considering witness statement in pre-trial investigative report on summary judgment when "there is no reason for the Court to assume that [the witness] cannot and will not testify to the disputed facts at trial by virtue of a Trial

Subpoena"); *Bouknight v. District of Columbia*, 680 F. Supp. 2d 96, 107 n.6 (D.D.C. 2010) (Urbina, J.) (considering unsworn out-of-court statements on summary judgment when the non-movant offered "nothing to suggest that the content of these statements would be inadmissible at trial").

Indeed, as State and the courts have pointed out to the Guilds numerous times in this litigation alone, FOIA cases are, with few exceptions, decided on summary judgment motions typically with only one agency declarant describing the agency's search, the responsive documents located therefrom, and the agency's withholdings and bases for those withholdings. *See SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (finding that employee "in charge of coordinating the [agency's] search and recovery efforts [is the] most appropriate person to provide a comprehensive affidavit"); *Halperin v. CIA*, 629 F.2d 144, 148 (D.C. Cir. 1980) (declarant "who is unassociated with the creation and initial classification of Exemption One material" is nonetheless a sufficient declarant for FOIA purposes); *Kidder v. FBI*, 517 F. Supp. 2d 17, 26, n.9 (D.D.C. 2007) (Walton, J.) ("It is sufficient that the declarant has personal knowledge of and familiarity with the handling of plaintiff's FOIA request and the responsive records at issue."). This practice comports with the requirements of the Rules that evidence must only be capable of being converted into admissible evidence, and the assumption in FOIA cases that an agency's declarations are submitted in good faith. *See, e.g., SafeCard Servs.*, 926 F.2d at 1200 (in FOIA cases "[a]gency affidavits are accorded a presumption of good faith[.]"); *Adionser v. Dep't of Justice*, --- F. Supp. 2d ---, 2011 WL 4346399, *2 (D.D.C. Sept. 15, 2011) (Leon, J.) (same).

Applying this controlling case law to this action, it is clear that the Third Grafeld Declaration and its discussion of Dr. Cohen's interactions with Dr. Parks should be considered

for purposes of State's Renewed Motion.  As the Guilds point out, Dr. Cohen is still an employee of State and the Guilds have offered nothing to suggest that he would be unavailable in this matter or that his statements would otherwise be inadmissible.  Accordingly, the Guilds' claim that the Third Grafeld Declaration is hearsay in its current form poses no obstacle to granting summary judgment in this action.

## II.     The Third Grafeld Declaration Amply Supports State's CPIA Section 2605(i)(1) Withholdings.

The Guilds go on to contend that the Third Grafeld Declaration is also insufficient because it is too conclusory and fails to describe adequately facts on which the Court may conclude that Dr. Parks communicated with Dr. Cohen in confidence.  The Guilds challenge in this regard is largely unspecific, but appears to be based on the misguided notion that Dr. Parks requested confidentially only from CPAC.  *See* Opp. at 4-5.  This argument is belied by a plain reading of the Third Grafeld Declaration, which describes Dr. Cohen's confirmation to Dr. Parks "*any information* she provided would be held in *strict confidence*."  3d Grafeld Decl. at ¶ 6 (emphasis added).  While this strict confidentiality included the disclosure of Dr. Parks's name to CPAC, based on the Third Grafeld Declaration, and the face of Dr. Parks's emails themselves, Dr. Parks reiterated her understanding that the confidentiality extended to others by noting that she refused to discuss the details of her interactions with Dr. Cohen with "several others" who had contacted her.  3d Grafeld Decl. at Ex. 1, p.8.  State's evidence plainly fulfills the *Landano* standard -- indeed, State has offered evidence in each category that the *Landano* court described would be independently sufficient to support a withholding based on an understanding of confidentiality.  *See* Open. Br. at 7-9.[3]

---

[3]     Although State firmly believes that it has gone above and beyond the necessary showing to describe the bases for its withholdings in this matter, if the Court determines that State has not satisfied its burden, State should be provided an opportunity to supplement the record and renew its motion to cure any deficiencies.  Indeed, the

## CONCLUSION

For the foregoing reasons, and those set forth in State's Opening Brief, summary judgment is appropriate on the two remaining issues on remand in State's favor.

Dated: December 1, 2011
       Washington, DC

                                        Respectfully submitted,

                                        RONALD C. MACHEN JR., D.C. Bar #447889
                                        United States Attorney

                                        RUDOLPH CONTRERAS, D.C. Bar #434122
                                        Chief, Civil Division

                                        By: _____/s/_____

                                            BRIAN P. HUDAK
                                          Assistant United States Attorney
                                          555 4th Street, NW
                                          Washington, DC 20530
                                          (202) 514-7143

                                        *Attorneys for Defendant U.S. Department of State*

---

Guilds have not separately moved for summary judgment in their favor and courts routinely allow agencies the opportunity to cure insufficiently detailed records in FOIA cases.  *See, e.g., Schmidt v. Shah*, Civ. A. No. 08-2185 (CKK), 2010 WL 1137501, *7-8 (D.D.C. Mar. 18, 2010) (allowing parties to refile motions for summary judgment where record was unclear); *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 120 (D.D.C. 2005) (Urbina, J.) (permitting agencies to submitted revised *Vaughn* index to correct inadequacies in original).